---

In re GAY et al.

(District Court, D. Massachusetts. November 19, 1910.)

No. 14,188.

BANKRUPTCY (§ 348*)—CLAIMS—PRIORITY—"TRAVELING SALESMAN"—SALARY.
    Plaintiff was employed by the bankrupts as a bond salesman at the rate of $3,000 per year, payable monthly. His contract provided that he should devote his entire time to the bankrupts' business in the territory over which he was to work, which would be principally in the state of Maine; the bankrupts agreeing to pay all traveling expenses while traveling in the bankrupts' business. The bankrupts maintained a branch office at Portland, of which complainant had charge. He also went from place to place in Maine to sell bonds, and conducted correspondence from such branch office on the bankrupts' letter heads and in their name. He had a junior salesman under him, and received bulletins issued by the bankrupts sent to managers of branch offices. Held, that everything done by plaintiff as the manager of the Portland office was subordinate to the work he did as traveling salesman, and that he was therefore entitled to priority as a "traveling salesman," within Bankruptcy Act July 1, 1898, c. 541, § 64b (4), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447) for the amount due for his services earned within three months prior to the date of bankruptcy proceedings.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. § 348.*

    For other definitions, see Words and Phrases, vol. 8, pp. 7082, 7083; vol. 8, p. 7820.]

In the matter of bankruptcy proceedings of E. H. Gay and others. On petition to review a referee's order denying priority to the claim of George F. Stetson. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Tyler & Young, for trustee.

Currier, Rollins, Young & Pillsbury, for George F. Stetson, creditor.

DODGE, District Judge. The bankrupts were engaged in the business of selling securities. They do not appear to have been stockbrokers in the ordinary sense, but to have confined themselves mainly to dealing in bonds of public service corporations. This creditor was employed by them, and it is not disputed that they owed him $437.50 for services rendered after December 1, 1907, when these proceedings were commenced on October 17, 1908. The petitioner's employment was under a contract in writing dated March 1, 1907, from which it appears that he was employed as a bond salesman at the rate of $3,000 per year, payable monthly, the employment to continue until December 1, 1909. If, as he contends, what remains due him for services was wages due him as a traveling or city salesman, $266.66 thereof was earned within three months before the date of the commencement of these proceedings, and is, therefore, to have priority under section 64b (4) of the bankruptcy act, according to a stipulation of the parties filed here November 18, 1910, since the referee's order was made.

The trustee contends that the evidence does not show the creditor to have been a traveling or city salesman within the meaning of the section referred to, and denies his right to priority. The referee has adopted this view. There is no dispute that, as has been stated, the contract of employment was for services as a bond salesman, nor that by the contract he was to travel in rendering these services. The language of the contract is:

"It is understood that you are to devote your entire time to the business of the undersigned, and the territory over which you are to work will be principally in the state of Maine. We will pay all traveling expenses incurred by you when away from home and traveling on the business of the undersigned."

The above undisputed facts, standing by themselves, would, in my opinion, entitle this creditor to rank as a traveling salesman, within the meaning of section 64b (4). It cannot be said, in view of In re Dexter, 158 Fed. 788, decided by the Court of Appeals for this Circuit in 1907, that he is any the less within the meaning of the section referred to because he was receiving a salary of $3,000 a year, instead of receiving a comparatively small compensation for his services, and, therefore, presumably dependent upon his earnings for present support. The trustee relies upon the facts disclosed by the creditor's own evidence, which is not contradicted, that the bankrupts, whose principal office was in Boston, also maintained an office at Portland, of which he had charge, besides going from place to place in Maine to sell bonds; that he conducted correspondence from that office on the bankrupts' letter head and in their name; that he had a junior salesman under him; that he received bulletins from the bankrupts, such as they issued to the managers of all their branch offices; that they recognized him in correspondence as manager of the Portland office;

and that in his letter of resignation, dated August, 19, 1910, he himself tendered his resignation "as manager of the Portland office." I am unable, however, to believe that any of these things are sufficient to prevent him from being a "traveling salesman," within the meaning of the act. It seems to me, on the evidence, that everything done by him as the manager of the Portland office was subordinate to the work he did as traveling salesman, and inconsiderable in comparison with that portion of his work. Circumstances somewhat similar were relied upon for the same purpose in Re Dexter, above cited, and the court held that they did not "change in any material way the real character of the service" for which the salesman was employed. I must, therefore, overrule the order denying priority altogether to this claim, and direct that the creditor be allowed priority as to $266.66 thereof.