462

## In re PEERLESS CABINET CORPORATION.
### No. 27321.

District Court, E. D. New York.
Dec. 24, 1935.

Weisman, Quinn, Allan & Spett, of New York City, for petitioner.

Louis I. Rothenberg, of Brooklyn, N. Y., for trustee.

CAMPBELL, District Judge.

This is a petition to review the order of the referee expunging the claim of Richard Goldstein as a priority and allowing it as a general claim.

The claimant was the sales manager of the bankrupt and it was his duty to supervise the salesmen who constituted the sales force of the bankrupt and also made sales. His weekly drawing was $35 plus $10 expenses, and, in addition, received 1 per cent. of the gross sales of the bankrupt.

He filed a claim for $2,508.62, and asks that $600 thereof be allowed as a priority.

The claimant had no limited territory, but was paid a percentage on all the sales made by any and all of the salesmen of the company, and he supervised all of such salesmen.

The sales of the bankrupt during the three months immediately preceding the filing of the petition were approximately $120,000, on which the claimant claims commissions at 1 per cent.

The claimant was a sales manager and not a traveling salesman, city salesman, or clerk, and is not entitled to a priority. Collier on Bankruptcy (13th Ed.) Vol. V, page 1463, and cases cited; In re Gurewitz (C.C.A.) 121 F. 982; Blessing v. Blanchard (C.C.A.) 223 F. 35, Ann.Cas. 1916B, 341, 35 A.B.R. 135.

It is true that during that period the claimant made sales to the amount of $25,000.

For his services as sales manager and salesman, there was no apportionment between his weekly wages of $35 and expenses of $10 and the 1 per cent. commission, and in default of such apportionment he is not entitled to priorty, as we cannot determine the percentage for each position. In re Ye Ladies Shoppe, Inc. (D.C.) 283 F. 693.

This is not a case merely of title of the position as suggested by the attorneys for claimant, but one where the very duties themselves are controlling.

There is a wide difference between a salesman having a limited territory, even with salesmen under him, and a sales manager who supervises all the salesmen and receives part of his compensation by a commission on all sales, who in reality had charge of all the sales of the bankrupt.

The following cases cited on behalf of claimant are not in point: In re New England Thread Co. (C.C.A.) 158 F. 788, in which case the claimant had only a limited territory although he had one or two salesmen under him; and Matter of E. H. Gay (D.C.) 188 F. 392, 33 A.B.R. 898, in which case the claimant was a salesman but had a junior salesman under him.

Both of these cases are clearly distinguishable from the case at bar, where claimant was sales manager supervising the entire sales force of the bankrupt.

The referee saw and heard the claimant, who was the only witness, and his findings of fact are supported by the evidence and should be sustained.

The petition to review is denied and the order of the referee which it is sought to review is confirmed.