THE FIRST NATIONAL BANK OF STANTON v. JACOB G. SUMMERS.

*Chattel mortgage—Failure to file or renew—Change of possession— Execution—Replevin.*

1. A debtor mortgaged certain hotel furniture to secure an indorser, who assigned the mortgage to a bank as security for the payment of the notes, which mortgage was filed, but lapsed for want of renewal. The mortgagor leased the furniture, and assigned the lease to the bank, to which the rent was to be paid, and an inventory was taken and delivered to the bank, and it was agreed that the bank should take possession of the property; but none of it was moved, nor was the lessee disturbed in his possession, which he held until a judgment creditor of the owner levied on the furniture, when the bank brought replevin.

   *Held,* that there was no such actual and continued change of possession as would dispense with the renewal of the mortgage, or affect that of the lessee, and that the bank could not maintain replevin for the property.

2. Where articles are of that bulky nature that a symbolical delivery only can be made, and they are permitted to remain in a place

where the possession may be equivocal, or what could not be said to be an actual possession, all doubts must be solved in favor of the purchaser or creditor, and against a mortgagee who has failed to file or renew his mortgage.[1] *Anderson v. Brenne man,* 44 Mich. 202.

3. An officer has the right to take possession of chattel-mortgaged property, and detain the same as against the mortgagee, for the time prescribed by law for bringing it to sale on his execution.[2]

Error to Montcalm.    (Smith, J.)    Argued April 19, 1889. Decided June 7, 1889.

Replevin.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*N. O. Griswold (McGarry & Ford,* of counsel), for appellant.

*George S. Steere,* for defendant.

LONG, J.    This is an action of replevin brought to recover possession of a quantity of furniture used in the Grand Central Hotel at Stanton.

The defendant is sheriff of Montcalm county, and had levied upon the property by virtue of an execution issued upon a judgment against one Patrick H. McGarry.

Plaintiff claimed the right to the possession of the property under a certain chattel mortgage executed by McGarry to William F. Turner for $3,500, and assigned by Turner to it, and an arrangement by which plaintiff claimed to be in possession of the property under the mortgage at the time the levy was made by defendant under the execution.

The cause was tried before the court without a jury, and the court made certain findings of facts and law, and gave judgment for defendant.

The case comes to this Court by writ of error, all the evi-

[1] See *Smith v. Greenop,* 60 Mich. 62 (head-note 4); *Buhl Iron Works v. Teuton,* 67 Mich. 623.

[2] See *Williams v. Raper,* 67 Mich. 427 (head-note 5, and note).

dence in the case being returned in the record. It appears that Patrick H. McGarry purchased this property sometime in March, 1886, for some $3,500, obtaining the money from the plaintiff to make the purchase, giving his notes to it for the same, indorsed by William F. Turner. In order to secure Turner upon these indorsements, he made and delivered to him, on March 11, 1886, a chattel mortgage upon the furniture for $3,500. This mortgage Turner caused to be filed on the same day in the office of the city clerk of Stanton.

October 28, 1886, Turner assigned this mortgage to the plaintiff, stating therein:

"This assignment being given to secure the payment of any and all notes given by P. H. McGarry, and indorsed by me, or any and all of the renewals of the whole or any part of such notes."

January 31, 1887, Turner filed an affidavit of renewal of this mortgage in the office of the clerk of the city of Stanton, claiming to be the owner thereof, and that his interest in the chattels remained unchanged. This is the only renewal ever made of the mortgage.

In June, 1887, McGarry leased the hotel and furniture to one Kaltenbeck by a written lease, and assigned the lease to the bank by a writing indorsed thereon. At the time this lease was made and assigned to the bank, an arrangement was made between McGarry, Kaltenbeck, and the bank that Kaltenbeck should thereafter pay all rents to the bank, and an inventory was then taken of the property covered by the mortgage, and given over to the bank; McGarry, Kaltenbeck, and Turner all agreeing that the bank should from that time have possession. Kaltenbeck thereafter kept the hotel, used the furniture, and was in actual possession at the time the defendant levied his execution thereon.

It is conceded that no valid renewal of the mortgage was ever made, but counsel for plaintiff insist that the plaintiff

was in possession of the property at the time the levy was made, and therefore entitled to maintain this suit in replevin, though the mortgage was not renewed as provided by statute.

It is undoubtedly true that if there is an actual delivery of the property mortgaged over to the mortgagee, and an actual and continued change of possession, there is no need of filing or renewing the mortgage under the common-law rule, as actual possession is equivalent to filing and renewing under the statute.

Our statute providing for the filing and renewal of chattel mortgages was intended to do away with the necessity of delivery, and to enable the mortgagor to retain possession until default.

But is there such possession shown here ?

Three witnesses testify to the arrangement. Counsel for plaintiff summarized this testimony in their brief, which is substantially, as shown by the record, as follows:

William F. Turner says:

"The property in question—the hotel furniture—was leased with the hotel to Kaltenbeck. After that there was an arrangement made with the bank. An invoice was taken of the property, and turned over to the bank, and the bank was to take charge of the property, and collect all the rents paid under the lease. The talk and arrangement was that the bank was to have possession of the property. An arrangement was made that the bank should take possession of the furniture. He turned it right over to the bank. He turned it over to collect the rent as payment, and to secure them,—the bank."

Norman L. Shepard, vice-president of the bank, testified:

"The hotel furniture was turned over to the bank to look after, collect the rent, and handle it. This arrangement was in force till suit was brought. He said: 'I want you to take this property, take care of it, look after this matter, collect rents, etc.'"

A. D. F. Gardner, cashier of the bank, says:

"He wished to turn the possession over to the bank. The matter was talked over thoroughly, and the understanding was that the possession and control of the furniture should be given to the bank."

This is substantially all the testimony given on the question of possession by plaintiff.

It appears, however, that before this arrangement was made McGarry had leased all the property to Kaltenbeck by a written lease, and Kaltenbeck was in possession thereunder, using the furniture in connection with the hotel, and continued to do so up to the time the levy was made. None of the property was moved, and no arrangement appears to have been made then to disturb Kaltenbeck in his possession. All the plaintiff received was an assignment of the lease, with authority to collect rents from Kaltenbeck thereunder, plaintiff simply stepping into the shoes of McGarry, so far as the rights under the lease were concerned.

It took no conveyance of the title from McGarry, and the actual possession and control remained in Kaltenbeck. The plaintiff then stood in position of assignee of the lessor of the property, with authority to collect rent, and also as assignee of the mortgagee, at the time of the levy, the mortgage under which it claimed not having been renewed, as provided by the statute.

We do not think there was any evidence showing such actual and continued change of possession of the property mortgaged as to do away with the requirements of the statute for the filing and renewal of the mortgage.

The plaintiff could have protected its rights by renewing its mortgage, as provided by statute. This it failed to do. As was said by this Court in *Anderson v. Brenneman*, 44 Mich. 202 (6 N. W. Rep. 222):

"Under such circumstances, where doubts exist, they must be solved in favor of the purchaser or creditor, and against the mortgagee, because he, having power to protect himself

fully, and prevent others from being deceived, has not done so."

The possession being in Mr. Kaltenbeck at the time of the levy, and he being entitled to possession under his lease at that time, the plaintiff could not maintain the action of replevin.   Even if this were not so, and the mortgage was a valid one, yet it is shown by the record that the title was in McGarry, the judgment debtor, and the plaintiff standing only in the position of a mortgagee to the property.

The officer had the right to take possession under his execution, and detain the goods as against the mortgagee, for the time prescribed by law for bringing them to sale on the execution.

We think the court below was not in error in finding a judgment in favor of the defendant.

The judgment must be affirmed, with costs.

The other Justices concurred.