## In re SWAIN CO.

## In re ORMSBY.

(District Court, N. D. California, First Division. March 15, 1912.)

### No. 6,461.

BANKRUPTCY (§ 348*)—PREFERRED CLAIMS—WAGES.

The steward of a bankrupt restaurant corporation, who was also a stockholder, director, and officer, but to whom no stock was ever issued, and who performed only formal duties as such officer, was entitled to priority of payment of wages earned in his capacity as steward under section 64b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), which gives priority to wages due to workmen.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. § 348.*]

In the matter of the Swain Company, bankrupt. On review of an order of the referee allowing the claim of Geo. O. Ormsby as preferred. Order affirmed.

Clarence A. Shuey, for trustee.
J. G. De Forest, for claimant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DE HAVEN, District Judge. This is a proceeding to review an order of the referee, allowing the claim of Geo. O. Ormsby for the sum of $249.65 as a labor claim entitled to priority of payment. The trustee of the estate in bankruptcy objected to the allowance of such claim as one entitled to priority of payment, upon the ground that at the time of rendering the services referred to in his claim the claimant was a director and also the secretary of the bankrupt corporation. The matter in issue was submitted to the referee upon an agreed statement of facts. The following are the material facts so agreed upon:

"That said George O. Ormsby was one of the incorporators of said Swain Company, and that at the time of rendering said services as steward, for which his claim was filed, he was a director and the secretary of said company. * * * That claimant earned the sum set forth in his claim within three months prior to the filing of the petition in bankruptcy, and that said sum, and the whole thereof, was the wages earned as steward in the restaurant then conducted by said Swain Company. * * * That no part of the sum set forth in said claim was earned by said claimant as an incorporator, director, or secretary of said Swain Company, and that he never received or was promised any remuneration as such officer, and that his wages were earned as such steward, and in no other capacity. * * * That he was what is known as a 'dummy officer,' and served as such as a matter of accommodation to and upon the request of said F. A. Swain. That no stock was ever actually issued to claimant, and that he never prepared the minutes of meetings of directors or stockholders, but that he signed his name to minutes as such secretary, and that he performed no services as an officer of the corporation, other than the formal duties that devolved upon him by reason of holding such office. That he had no voice in the management or policy of said corporation, and no interest in it or in its affairs, other than that of an employé."

The sole question presented here is whether, upon the facts above stated, claimant is entitled to priority of payment for the services so rendered by him; the claimant having been, at the time of the rendition of such services, a stockholder and director, and also the secretary, of the bankrupt corporation. The trustee, in support of his contention that the claim should not have been so allowed, relies upon the cases of In re Grubbs-Wiley Co. (D. C.) 96 Fed. 183, and In re Caroline Cooperage Co. (D. C.) 97 Fed. 950. Whether those cases can or cannot be distinguished upon their facts from the one at bar I will not stop to inquire, as I am clearly of opinion that the referee properly allowed the claim of Ormsby as one entitled to priority of payment out of the estate of the bankrupt under subdivision "b," § 64, Bankruptcy Act. The facts agreed upon show that the claim was one for wages earned as a steward of the bankrupt's restaurant, and that no portion of such claim was for his services as director or secretary of said corporation. The referee, in passing upon the question, said:

"The identity of the corporation being distinguished from that of the individuals comprising its officers, through whom it acts, such officers may become its creditors or its debtors, and as individuals may contract with the corporation to become its servants, to perform clerical or manual labor; and where such services form no part of their duties as officers or directors, it seems to me that the claim for such services is in the same condition as that of any other person similarly employed."

I fully concur in this opinion of the referee, and the order under review will therefore be affirmed.