### In re GREENBERGER.

(District Court, N. D. New York. March 14, 1913.)

1. BANKRUPTCY (§ 348*)—PREFERENCES—"WORKMAN, CLERK, OR SERVANT."

The fact that the manager of a branch store of a bankrupt, in addition to his duties as manager, sold goods, kept the store clean, and kept the accounts did not make him a "workman, clerk or servant," so as to entitle him to a preference as to his claim for unpaid services.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. § 348.*]

2. BANKRUPTCY (§ 166*)—"PREFERENCES"—DISALLOWANCE OF CLAIM.

Where, at the time a servant of a bankrupt received part payment for services, he did not know and had no reasonable cause to believe that his employer was insolvent and intended to give him a preference by making a payment, such payment did not constitute a "preference," as defined by Bankr. Act July 1, 1898, c. 541, § 60, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), sufficient to require its surrender, in order to enable the servant to prove the balance of his claim for services.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–258; Dec. Dig. § 166.*

For other definitions, see Words and Phrases, vol. 6, pp. 5498–5499; vol. 8, p. 7759.]

In Bankruptcy. In the matter of bankruptcy proceedings of Frank Greenberger. Application by Samuel Cohen, a creditor, to review a referee's order allowing his claim of $198 as a general claim, but denying its priority, and also by certain creditors asking to review the same order allowing the claim as a general one; they claiming that it should not be allowed, because the claimant received a preference and refused to surrender the same. Affirmed.

Herman Metzner, of Glens Falls, N. Y., for Cohen.
J. Ward Russell, of Glens Falls, N. Y., for trustee.
Henry W. Williams, of Glens Falls, N. Y., for creditors.

RAY, District Judge. [1] The bankrupt ran two stores, one at the city of Glens Falls, N. Y., and for about 11 months prior to June 6, 1912, he ran a branch store in the city of Rutland, Vt. The claimant, Samuel Cohen, was manager of this branch store in the city of Rutland, and so testified repeatedly. It appears that lady clerks were employed in this store. Cohen kept the accounts and managed the business, ex-

cept that he did not hire or discharge help or pay the bills for goods, as a rule. However, he was the manager, and managed the business. He had a regular salary as such manager, and at the time the petition in bankruptcy was filed there was a balance due him on such salary of $198. It appears from his testimony that, in addition to the performance of his duties as manager, he sold goods and kept the store clean, for the reason he would not turn this duty over to the lady clerks. It appears fairly from the evidence that the clerical work performed by him, as well as the work done in keeping the store clean, was merely incidental to the performance of his duties as general manager of the store. He was not employed as a cleaner or workman or clerk, and so far as appears all that he did in selling goods and cleaning the store was voluntary on his part.

This court has recently passed on this question. In re Crown Point Brush Co. (D. C.) 200 Fed. 882. In that case In re Albert O. Brown & Co. (D. C.) 22 Am. Bankr. Rep. 496, 171 Fed. 281 was approved. See, also, In re Gurewitz, 10 Am. Bankr. Rep. 350, 121 Fed. 982, 58 C. C. A. 320.

It can make no material difference that Greenberger was carrying on this business as an individual. Cohen was neither a workman, clerk, traveling or city salesman, nor servant. The fact that, as incident to the performance of his duties as general manager of this store, he kept it clean and did some clerical duty does not change the character of his employment. He was not employed to do that work, but to manage the business, and he was paid for managing it, and not for performing such menial service as he did perform as incident to the management. The claim is for salary and for salary as manager, not for services as a clerk or general workman and compensation as such.

The referee was right in holding that the claim of Cohen could not be allowed as one entitled to priority. It would hardly do to hold that the general manager of the business of a corporation or individual, employed and paid as such, becomes entitled to priority, for the reason he incidentally sweeps the floor, dusts the counters, and assists in selling goods. Adopt this rule and general managers of a business would be sure to do enough menial work to bring themselves within the section of the bankruptcy act giving priority to workmen, clerks, salesmen, and servants.

[2] I do not think the appeal of the trustee and creditors can be sustained. Subdivision "g" of section 57 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) provides that the claims of creditors who have received preferences voidable under section 60, subd. "b," shall not be allowed, unless such creditors shall surrender such preferences. By subdivisions "a" and "b" of section 60, it is provided, in substance, as applied to this case, that a person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, made a transfer of any of his property, and the effect of the enforcement of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class; and if a bankrupt shall have given a preference, and the

person receiving it shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee. The preference, if given, to defeat allowance of a claim, must have been a voidable one, and to be voidable the person receiving it must have had *reasonable cause to believe* that it was *intended* thereby to give a preference. I agree with the referee that Cohen is not shown to have had such knowledge of Greenberger's business—main business, or business as a whole—as to show that he (Cohen) had reasonable cause to believe that a preference was intended. He did know the business of the branch store at Rutland was running behind, and that Greenberger was at times hard up for ready money; but he knew substantially nothing of the business at Glens Falls or of Greenberger's financial condition. A merchant may be hard up for ready money and still solvent. Cohen had at times loaned money to his employer, but it had been paid. Cohen, it seems to me, was unlettered, but honest. One or two of his answers would indicate, standing alone, that Cohen knew Greenberger was insolvent and about to fail, and demanded and received his money for that reason; but his evidence is to be read all together and effect given accordingly.

"Q. When you saw things were going to the bad here, you thought you would ask him for it? A. I didn't see until the last minute; didn't pay any attention to it. Always had great confidence in Mr. Greenberger."

Then later:

"Q. But you thought his affairs had gotten to a point where he couldn't pay, and you thought you would get yours, if possible? A. Yes, sir."

On his whole evidence I concur with the referee in the conclusion that Mr. Cohen did not understand the purport of some of these questions. So far as the evidence discloses, he had no reasonable cause to believe that Greenberger was insolvent, unable to pay his debts, and that in paying his (Cohen's) he intended a preference. It has been many times held that mere suspicion of insolvency is not sufficient. And the referee saw and heard Cohen when he gave his evidence, and was better able to arrive at a correct conclusion than is the court.

The order of the referee, disallowing the claim as entitled to priority and allowing same as a general claim, is affirmed.