## IN THE MATTER OF HONOLULU ELECTRIC COMPANY, LIMITED, A BANKRUPT.

### December 9, 1914.

*Bankruptcy—Claims—Priority—Manager; Workman:* A workman who assumes additional duties as manager may have a priority claim for his services as workman in a proper case, where the latter services are substantial.

*In Bankruptcy:* On review of order of referee.

*W. T. Carden,* trustee *pro se* (*Thompson, Wilder, Milverton & Lymer* with him).

*W. H. Stuart,* claimant, *pro se.*

CLEMONS, J.   This matter is certified to the court for review of the referee's order disallowing as a priority claim the bill of W. H. Stuart for two months' wages as mechanic.   The facts as certified are that:

"Stuart, a majority stockholder in the bankrupt corporation, up to two months prior to the adjudication, was employed by the corporation as an ordinary mechanic at a salary of $150 per month. . At a special meeting of the stockholders held two months prior to adjudication the former president and manager was dismissed and Stuart elected to that office.   Stuart performed the duties of president and manager and, in addition to the performance of such duties, he worked as before as a mechanic.   He claims that he was allowed no salary as president or manager but that the $300 he claims is for wages as an ordinary mechanic."

Upon these facts, the referee held that, "Stuart having accepted the office of president and manager, is not entitled to priority in a claim for wages under the bankruptcy act."

This language of the referee seems to go too far, in its apparent implication that a person may not under any circumstances make a claim in the distinct capacities of manager and workman.   The principle of corporate identity is recognized as permitting a claim for labor by a stockholder or director or manager.   *In re Swain Co.*, 194 Fed. 749, 750; *In re Crown Point Brush Co.*, 200 Fed. 882, 889. But, of course, the burden is upon the claimant to make out his claim clearly.   See the *Crown Point* case at pages 888, 889.   Employment in distinct capacities is not unusual in enterprises of small extent.

The cases cited in the brief in behalf of the trustee are not opposed to this view, and most if not all of them are distinguished by the fact that the creditor made a priority claim for services as manager.

It is not a question of what the claimant is called so much as of what services he performed.

It appears that he had for some time been a mechanic of a superior grade at a monthly salary of $150, and when he took the duties of manager, which required but a small part of his time, he kept on doing the manual labor of his old position. It was "understood" that he should do this, though, unfortunately, there is no written agreement or memorandum covering the latter, and it was also not understood that he should receive any additional compensation for his new duties, or at least it was understood that he should receive nothing more for all that he did than the $150 a month. Two things only may be taken as against his claim: (1) that in his original proof of debt he described himself as manager, though he soon amended his claim to show services as a working foreman, and (2) in his testimony had before me in open court (in which I went very fully into the whole matter of his employment and of his work) he testified that he "tried to reduce expenses and so reduced the manager's salary to $150 for all the work that he did." But in spite of this, the undoubted fact is that during the work day of eight hours he spent usually seven hours of the time in the same manual labor which he had performed before. It was not a large business, and while he did whatever was required of a manager, his duties in that capacity during business hours averaged only about one hour a day and consisted in the main of (1) visits at the offices of architects, contractors, and builders for the purpose of soliciting contracts and getting copies of plans and specifications as a basis of bids, and (2) the keeping of what was called the "contract book", made up of entries of material used and labor expended in contract work; and also during business hours he took whatever time was necessary to answer inquiries involving prices on such work, and to do anything else that might be required of a manager. He did also managerial work at night, such as figuring estimates of costs as a basis of contract bids. And, he claims that, as he went to work

as early as seven o'clock in the morning and stayed at work until as late as five-thirty o'clock in the afternoon, he fully made up any time lost from his laborer's day.    However, the amount of this work overtime is not definitely shown.    And his extra hours of service may not unfairly be presumed to have been given because of his own large interest in the welfare of the concern,—a "tottering business", as he called it, which he was endeavoring to hold on its feet.

The good faith of the claimant is shown by the fact that he took no advantage of his controlling position to pay himself any wages as workman during the two months in question.    This is no case of "juggling" or of trying, as in some of the cases cited, to characterize as workman's services the incidental or voluntary efforts of a man employed as manager.

The claimant performed substantial services as mechanic, indeed, such was the burden of his work, and he is entitled to a priority claim therefor.    The only question is, how much?    And though it is shown that on most days the time taken as manager was not over an hour a day, there was more or less other time during work hours devoted to duties as manager.    It is certain, however, that he spent very considerably over one-half a day in work as a mechanic.    No better rule can be applied than that sometimes applied in admiralty cases where two claimants are entitled to an award but their services cannot exactly be apportioned:    Let the claimant, then, in his capacity as mechanic and the claimant in his capacity as manager divide the compensation of $150 a month.    This will permit a priority claim for one-half of the $300 in the bill and an ordinary claim for the other half.

The case is remanded to the referee for further proceedings in conformity herewith.