WINTERMOTE v. MacLAFFERTY.

(Circuit Court of Appeals, Ninth Circuit. May 1, 1916.)

No. 2718.

BANKRUPTCY ☞348—WAGES—PRIORITY—"LABORER."

 Rem. & Bal. Code Wash. §§ 1149, 1150, 1153, respectively, provide that every person performing labor in the operation of any sawmill, or lumber or timber company, shall have a prior lien upon the property of the company for labor performed within six months, that the lien may be perfected by notice, and that whenever a receiver assignee is appointed the court shall require such laborers' claims to be first paid. Claimant, who was secretary, general manager, and superintendent of a lumber company, performed services consisting of supervision and direction of the operation of the office and mill, and also repaired machinery. *Held*, that he was not a "laborer" within the statute, and so was not entitled to priority on bankruptcy of the company.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ☞348.

 For other definitions, see Words and Phrases, First and Second Series, Laborer.]

Appeal from the District Court of the United States for the Western Division of the Western District of Washington; Edward E. Cushman, Judge.

In the matter of the bankruptcy of the Blumauer Lumber Company, a corporation. T. H. MacLafferty filed a claim asserting priority, to which E. V. Wintermote, as trustee in bankruptcy, objected. The referee overruled the trustee's objections, and, on review, his action was affirmed, and the trustee appeals. Order of District Court reversed.

Raymond J. McMillan and Ernest K. Murray, both of Tacoma, Wash., for appellant.

Van M. Dowd, of Tacoma, Wash., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Blumauer Lumber Company was declared a voluntary bankrupt on October 3, 1914. At that time there was owing to MacLafferty, the appellee, $1,477.78, balance of salary for six months next prior to October 3, 1914. He filed his claim, asserting a lien and priority under the laws of the state of Washington. Sections 1149, 1150, and 1153, Remington & Ballinger's Annotated Codes and Statutes of Washington (Laws 1897, c. 43, §§ 1, 2, 5). The trustee objected, but the referee overruled the objections and allowed the claim. On review the action of the referee was affirmed, and thereafter appeal was taken to this court.

The evidence in support of the finding of the referee is that the bankrupt was a lumber manufacturing company doing an extensive business; that claimant was secretary, general manager, and superintendent thereof, with a salary of $300 a month; that although he was secretary of the bankrupt company, and had been a shareholder,

he was not a stockholder during the time for which he claimed a priority of payment; that his services extended to supervision, including much detail in overseeing and directing the operations of the office work and of the mill, repairing and adjusting machinery, and to the employing of workers and directing sales; that claimant in performing his duties at times made repairs of machinery, and in doing so worked as would a master mechanic.

There being no decision of the Supreme Court of the state of Washington which brings appellee within the meaning of persons who perform labor, and whose claims are therefore entitled to priority over general creditors, we think the case is fairly within the general rules of construction discussed in Blessing v. Blanchard, 223 Fed. 35, 138 C. C. A. 399, Keyes, Trustee, v. Davie, 231 Fed. 688, —— C. C. A. ——, and In re Greenberger (D. C.) 203 Fed. 583. Flagstaff Silver Mining Co. of Utah v. Cullins, 104 U. S. 176, 26 L. Ed. 704, is to be distinguished, in that the claimant there was not the general manager, but actually directed the work in the mine in the capacity of overseer and foreman of the body of miners, with duties like those of the foreman of a gang of track hands upon a railroad or of a force of mechanics engaged in building a house.

The order of the District Court is reversed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes