### In re BOSTON FRENCH RANGE CO.

(District Court, D. Massachusetts. August 10, 1916.)

No. 22550.

BANKRUPTCY ⊜⟶348—PRIORITIES—WAGES.

Where five workingmen organized a corporation, each paying in a sum of money, one of them, who was treasurer and director and also labored in the shop is not, as to his claim for compensation for services rendered as treasurer and director, entitled to priority over corporate creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⊜⟶348.]

In Bankruptcy. In the matter of the bankruptcy of the Boston French Range Company. Proceeding by claimant to review order of referee. Order affirmed.

Frederick W. Mowatt, of Boston, Mass., for trustee.
Moses Caplan, of Boston, Mass., for creditor.

MORTON, District Judge. The evidence not being reported, the referee's findings of fact are conclusive, except so far as they appear to be erroneous on the face of his report. It does not appear that the referee was in error in his findings as to the amounts for which the claimant is entitled to prove.

The question whether the claimant is entitled to priority on his later claim is more doubtful. The bankrupt corporation had several points of similarity with co-operative enterprises. Apparently five workingmen got together to organize it. Each paid in the same sum of money, $300, and each was to work for the corporation and to be paid by it, at the same rate as the others. The claimant was treasurer and director. He was also foreman of the shop. The compensation of the members was referred to as "salaries," and was expected to be paid weekly at the established union rate of wages for journeymen in that industry. No apportionment was made on the sums paid to, or due to, the claimant, between what was owed him for work at the bench and what was owed him for services as treasurer or foreman. The duties of those positions, while probably not onerous or extensive, must have occupied an appreciable part of his time. To that extent clearly his claim is not entitled to priority. There is no finding that the claimant received no compensation for his services as treasurer or director, as there was in Re Swain Co. (D. C.) 194 Fed. 749, 28 Am. Bankr. Rep. 66. It may well be doubted whether the claimant's relation to the bankrupt was of such a subordinate character as to constitute him a "workman" or "servant."

See In re Grubbs-Wiley Grocery Company (D. C.) 96 Fed. 183, 2 Am. Bankr. Rep. 444; In re Greenberger (D. C.) 203 Fed. 583, 30 Am. Bankr. Rep. 117. I think it doubtful, as was suggested in Re Grubbs-Wiley Grocery Company, supra, whether managers of a corporation can, by hiring themselves as workmen, obtain priority over persons from whom, as managers, they have purchased goods on the corporation's account. Upon facts rather close to those here it was held in Re Crown Point Brush Company (D. C.) 200 Fed. 882, 29 Am. Bankr. Rep. 638, in an exhaustive opinion, that the claimant was not entitled to priority. See, too, Remington on Bankruptcy (2d Ed.) § 2168 et seq.

The order of the referee is affirmed.