## In re BONK.

## In re SHANK.

(District Court, E. D. Michigan, S. D.   December 2, 1920.)

### No. 4262.

1. **Bankruptcy ☞348—Manager of business not entitled to priority for wages; "workman, clerks, traveling or city salesmen, or servants."**

   One who had a contract with the bankrupt to manage the bankrupt's drug business for a stated weekly compensation, and who was not shown to have performed any services other than managing the business, is not entitled to priority for his claim for services under Bankruptcy Act, § 64b, subd. 4 (Comp. St. § 9648), giving priority to wages of workmen, clerks, salesmen, or servants.

2. **Chattel mortgages ☞5, 194—Assignment for security of interest in contract for fixtures held "chattel mortgage," required to be recorded.**

   An assignment by the owner of a drug business of a contract, under which the owner had legal title to the store fixtures, subject to a mortgage held by the vendor, which assignment recited it conveyed all the right, title, and interest in the property described in the contract, and which was given to secure the claim of the assignee, was a "chattel mortgage," required by the state law to be filed to be valid against creditors, unless there was change of possession.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

3. **Courts ☞366(18)—State decisions as to change of possession under chattel mortgage are controlling.**

   The decisions of the Michigan Supreme Court, under Comp. Laws Mich. 1915, § 11988, relating to fraudulent conveyances, as to what constitutes a sufficient delivery, followed by an actual and continued change of possession, under a chattel mortgage not filed for record, are controlling in the federal courts.

4. **Chattel mortgages ☞191—Change of possession requires some act indicating change to third persons.**

   Under Comp. Laws Mich. 1915, § 11988, as construed by the Supreme Court of that state, a delivery, followed by an actual and continued change of possession, where there is no physical delivery of the property, must involve some act by at least one of the parties to the chattel mortgage sufficient to indicate to third persons an intention that the possession of the mortgaged property has been transferred to the mortgagee.

5. **Chattel mortgages ☞191—Possession by manager, who was mortgagee, held not change of possession.**

   Where the owner of a drug business gave his manager a chattel mortgage on the fixtures, but the business still remained the property of the owner and was conducted in his name, the possession of the fixtures by the manager was not a sufficient change of possession to dispense with the necessity of filing the chattel mortgage for record, to make it valid against creditors.

In Bankruptcy.   In the matter of the estate of Julius E. Bonk, doing business as the Eagle Drug Store, bankrupt.   On petition by Augustus W. Shank to review an order of the referee denying priority to petitioner's claim against the bankrupt.   Order affirmed.

See, also, 268 Fed. 1012.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

270 F.—42

Millis, Griffin, Seely & Streeter and Ralph S. Moore, all of Detroit, Mich., for claimant.

Max Kahn, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition to review an order of one of the referees in bankruptcy for this district, denying priority to a claim, amounting to $989.79, filed by the claimant in the bankruptcy proceedings herein. Of the amount mentioned, $300.00 was claimed as wages earned during the three months just prior to the filing of the petition in bankruptcy, alleged by the claimant to constitute a preferred claim under section 64b, subd. 4, of the Bankruptcy Act (Comp. St. § 9648), which gives priority to "wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of proceedings, not to exceed $300 to each claimant." The balance of the claim is alleged by the claimant to have been secured by the assignment to him, by the bankrupt, of the interest held by the bankrupt in a certain contract under which the latter's predecessor in title had contracted for the purchase of certain store fixtures. The referee denied priority to any part of the claim thus presented, holding that claimant was not within the class of persons entitled to priority of payment under the section of the Bankruptcy Act relied on, and that, as the assignment in question, from the bankrupt to the claimant, as security for the payment of indebtedness due from the former to the latter, was not filed for record as required by the statute applicable, such assignment was void as to the creditors of the bankrupt, represented by the trustee herein. This petition is filed by the claimant to review such order in both of the respects mentioned.

1. The contract between the claimant and the bankrupt, under which the former claims to be entitled to the payment of "wages," within section 64b, subd. 4, of the Bankruptcy Act, to the maximum amount prescribed by such section, provides as follows:

"This agreement, made and entered into this 15th day of July, A. D. 1918, between Julius E. Bonk, of the city of Detroit, Wayne county, Michigan, party of the first part, and Augustus W. Shank, of the same place, party of the second part, witnesseth:

"The said party of the first part is now the owner of a certain drug stock and fixtures, subject to certain incumbrances, and is about to enter the military service of the United States on the 19th inst., and is desirous of securing a suitable party to operate the same for him, and the said second party is familiar with the drug business and management thereof, and is desirous of taking over the management of said drug store and the affairs of the said first party.

"Whereas, it is mutually agreed by and between the parties hereto that the said first party is now operating a certain drug store located at No. 881 Forest Avenue East, Detroit, Michigan, and has agreed with the party of the second part to manage and operate the same for him under the following terms and conditions.

"The second party shall keep a true and correct account of all receipts and disbursements made by him, and he shall have the right and privilege to take any part or portion of said stock, and to operate branch stores in the said city of Detroit, and shall make a true and correct list of any and all drugs or other articles which he may take from said drug store located as

above, and he shall keep a true and correct account of all receipts and disbursements pertaining to any branch store which he may open and operate.

"It is further understood and agreed that the said party of the second part shall deposit the money received from said business in any bank that he deems advisable under the name of Julius E. Bonk, and said second party shall have the right and privilege to draw checks in the name of the said first party.

"It is further understood and agreed that the party of the second part will do all things proper and necessary for the management of said drug store and any branches which he may open and is to receive therefrom the sum of thirty-five ($35.00) dollars per week for his services until the earnings of said business shall exceed the sum of one hundred ($100) dollars per week; then he shall receive 25 per cent. in addition to the weekly salary.

"In witness whereof, said parties have hereunto set their hands and seals the day and year first above written."

[1] From the testimony on the hearing before the referee, transcript of which, returned by the referee with his opinion, has been carefully examined by this court, it appeared that the claimant, pursuant to his contract with the bankrupt just quoted, took charge of the drug store and managed it for the bankrupt, purchasing the merchandise for the store and paying the rent and the other expenses in connection with the operation of such store, including the salary of a pharmacist, who was employed there while claimant was in charge, and who, in addition to his other duties, had charge of the cash register and kept all of the records showing the receipts and expenditures of the business. It does not appear that claimant rendered services in any other capacity than as manager of the store, operating the same for the owner, but exercising his own discretion in the performance of his duties. His claim for wages is based, not on a quantum meruit for work and labor performed, but on the contract under which he had agreed "to manage and operate" the store on the terms and conditions specified in the contract. Under such circumstances, it is clear that the claimant is not included in the class of "workmen, clerks, traveling or city salesmen, or servants," within the meaning of section 64b, subd. 4, of the Bankruptcy Act; the language there used not being intended to apply to the manager of a business. In re Grubbs-Wiley Grocery Co. (D. C.) 96 Fed. 183; In re Albert O. Brown Co. (D. C.) 171 Fed. 281; In re Crown Point Brush Co. (D. C.) 200 Fed. 882; In re Greenberger (D. C.) 203 Fed. 583; In re Continental Paint Co. (D. C.) 220 Fed. 189; Blessing v. Blanchard, 223 Fed. 35, 138 C. C. A. 399, Ann. Cas. 1916B, 341; In re Eagle Ice & Coal Co. (D. C.) 241 Fed. 393. The ruling of the referee denying priority to this portion of the claim was clearly correct.

2. A review of the testimony is convincing that it abundantly supports the finding of the referee to the effect that the assignment in question was intended as security for the payment by the bankrupt of his indebtedness to the claimant. Indeed, I understand this fact to be now conceded. Section 11,988 of the Michigan Compiled Laws of 1915 provides that—

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the

creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed" as therein prescribed.

It is undisputed that this instrument was not filed for public record.

[2] It is urged by claimant that this was an assignment of merely the interest of the bankrupt in a chose in action, and that therefore it was not required to be filed as a mortgage of goods and chattels. This court, however, has already held, on a previous proceeding in this same case, that, under the contract thus assigned, the bankrupt owned the legal title to the fixtures in question, subject to a mortgage thereon held by the Detroit Store Fixture Company, the original vendor thereof. The assignment itself recited that the bankrupt thereby assigned to the claimant all his right, title, and interest, not only in the contract, but also in the "property therein described." It is plain that this instrument was a chattel mortgage on the physical property, and subject, as such, to the provisions of this statute.

[3, 4] It is further argued by the claimant that, as he was in charge, as manager under the bankrupt, of the store where the fixtures in question were located from the time of the making of the assignment to the time of the filing of the petition in bankruptcy, therefore he was in actual physical possession of such fixtures, and there was such a change in the situation thereof as rendered the filing of such assignment unnecessary. It will be noted that the statute requires, not only "an immediate delivery" of mortgaged goods and chattels, but also a subsequent "actual and continued change of possession of the things mortgaged"; otherwise, the mortgage must be filed for record. On the question as to what constitutes a sufficient delivery, followed by an actual and continued change of possession, the decisions of the Michigan Supreme Court are, of course, controlling. By the decisions of that court the rule has been settled to the effect that where the chattel mortgage is not filed, and there is no physical, as distinguished from symbolical, change of possession of the mortgaged property, there must be some act by at least one of the parties thereto sufficient to indicate to third persons an intention that the possession of the mortgaged property has been transferred from the mortgagor to the mortgagee. Anderson v. Brenneman, 44 Mich. 198, 6 N. W. 222; Smith v. Greenop, 60 Mich. 61, 26 N. W. 832; Buhl Iron Works v. Teuton, 67 Mich. 623, 35 N. W. 804; First National Bank v. Summers, 75 Mich. 108, 42 N. W. 536. The rule was thus stated by the court in the case first cited:

"The proper instrument not having been placed on file, an 'immediate delivery followed by an actual and continued change of possession' was absolutely essential. No such delivery and actual and continued change of possession of such bulky property could be expected or insisted upon. Yet there should be, even of bulky articles, such a clear and unequivocal designation thereof that creditors or subsequent purchasers could not be misled or be in doubt as to the nature of the transaction. * * * It must also, in this connection, be borne in mind that the creditor can protect himself by filing in the proper office his mortgage, or a copy thereof, where the articles are of that bulky nature that a symbolical delivery only can be made, and they are permitted to remain in a place where the possession may be equivocal or what could not be said to be an actual possession. Under such circumstances,

where doubts exist, they must be solved in favor of the purchaser or creditor, and against the mortgagee, because he, having power to protect himself fully and prevent others from being deceived, has not done so."

[5] In view of the facts that the bankrupt remained at all times the owner of this business and of the merchandise and fixtures thereof, that the store was conducted on behalf of the bankrupt by the claimant as manager, and that there was no designation of this property that would indicate to any one that the claimant had an interest therein, it seems clear that there was no "immediate delivery," followed by "actual and continued change of possession," within the meaning of the statute. As, therefore, the mortgage was not filed as required by such statute, it must be held void as to the creditors of the bankrupt.

The order of the referee complained of is in all respects affirmed.