### In re YE LADIES SHOPPE, Inc.

(District Court, D. Delaware. September 22, 1922.)

#### No. 400.

1. **Bankruptcy ☞348—Wages due manager of corporation not entitled to priority under Bankruptcy Act; "wages due to workmen, clerks, traveling or city salesmen, or servants."**

   Wages due for services rendered as manager of a corporation are not entitled to priority of payment, under Bankruptcy Act, § 64b(4), being Comp. St. § 9648, giving priority to "wages due to workmen, clerks, traveling or city salesmen, or servants."

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wages.]

2. **Bankruptcy ☞348—Wages due for services rendered bankrupt corporation as manager and buyer and saleswoman not entitled to priority, without apportionment between wages as manager and wages as saleswoman and buyer.**

   Where claimant was employed by bankrupt corporation as "manager and buyer and saleswoman," and no apportionment was made, or attempted to be made, between what was due her for services as manager, and what was due for services as buyer and saleswoman, she was not entitled to priority as to any portion of wages due under Bankruptcy Act § 64b(4), being Comp. St. § 9648.

In Bankruptcy. In the matter of Ye Ladies Shoppe, Inc., bankrupt. On petition for review of order of referee denying priority to a claim filed by E. Blanche Walsh. Order affirmed.

George W. Lilly, of Wilmington, Del., for creditor.
Edward W. Cooch, of Wilmington, Del., trustee.

MORRIS, District Judge. This is a petition to review an order of the referee in bankruptcy denying priority to a claim amounting to

$203.25 filed by E. Blanche Walsh in the bankruptcy proceedings of Ye Ladies Shoppe, Inc. She relies upon section 64b(4) of the Bankruptcy Act (Comp. St. § 9648), which gives priority to "wages due to workmen, clerks, traveling or city salesmen or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant." The referee, in denying priority, held that the claimant was not within the class of persons entitled to priority under that portion of the Bankruptcy Act. The claim, as set forth in the proof thereof, is "for wages as manager and buyer and saleswoman for the bankrupt corporation." This was supplemented by an agreed statement of facts. filed with the referee, which. so far as here pertinent. is:

"That she, the said E. Blanche Walsh, was one of the incorporators and later was one of the directors and president of the said corporation. She was also a stockholder, holding one-third of the entire capital stock of $5,000. That she received no salary from the said corporation for her services as director or president of said corporation. That she was employed by resolution of the board of directors as manager, buyer, and saleswoman for the bankrupt corporation at a salary of $25 per week. That she performed her duties as such manager, buyer and saleswoman from * * *."

[1, 2] In considering whether the debt due claimant is entitled to priority of payment, I shall assume, without deciding. that the fact that a claimant is an officer and director of a corporation neither disables the corporation from employing him as a workman, clerk, traveling or city salesman. or servant, nor disentitles him to priority for wages due for services performed in any of the latter capacities. In re H. O. Roberts Co. (D. C.) 193 Fed. 294; In re Swain Co. (D. C.) 194 Fed. 749; In re Eagle Ice & Coal Co. (D. C.) 241 Fed. 393. The question remaining is whether the wages due one employed as "manager and buyer and saleswoman" are entitled to priority. It is now well settled that wages due for services rendered as manager of a corporation are not entitled to priority of payment. In re Bonk (D. C.) 270 Fed. 657; Blessing v. Blanchard, 223 Fed. 35, 138 C. C. A. 399, Ann. Cas. 1916B, 341; In re Greenberger (D. C.) 203 Fed. 583; In re Crown Point Brush Co. (D. C.) 200 Fed. 882; In re Albert O. Brown & Co. (D. C.) 171 Fed. 281; In re Grubbs-Wiley Grocery Co. (D. C.) 96 Fed. 183.

I think it clear that the contract under which claimant performed her services was an entire contract, and not a severable or divisible one, and that compensation for her services in the several capacities thereunder may not be apportioned. 6 R. C. L. p. 858; 7 A. & E. Enc. of Law (2d Ed.) p. 95 et seq.; Elliott on Contracts, § 1543. However that may be, no apportionment was made or attempted to be made, in the proof of claim or in the agreed statement of facts, between what is due to her for her services as manager and what is due to her for her services as buyer and saleswoman. Consequently, as she is not entitled to priority for the wages due her as manager, and as her claim may not be apportioned, or at least has not been apportioned, she has failed to establish a right to priority with respect to any part of her claim. In

Re Swain Co. (D. C.) 194 Fed. 749, relied upon by the claimant, no portion of the claim was for services rendered in an employment not embraced within section 64b(4) of the Bankruptcy Act.

The order of the referee must be affirmed.