## In re L. W. BIRMINGHAM & SON CO.

(District Court, E. D. Tennessee, W. D.
April 16, 1924.)

No. 1166.

**1. Bankruptcy ⬳348 — General manager of corporation held not entitled to priority for salary claim.**

The general manager of a bankrupt corporation is not entitled to priority for his claim for salary for the three months preceding bankruptcy, under Bankruptcy Act, § 64b(4), being Comp. St. § 9648, though he did clerical work as incidental to his position.

**2. Bankruptcy ⬳345—Referee may deny priority of claim, though not objected to.**

A referee has authority, in protecting the rights of creditors, to determine of his own motion that a claim for which priority is sought is not so entitled as matter of law.

In Bankruptcy. In the Matter of the L. W. Birmingham & Son Company, bankrupt. On review of order of referee disallowing priority to claim of L. W. Birmingham, Jr. Affirmed.

Pearson & Hewgley, of Jackson, Tenn., for petitioner.

ROSS, District Judge. In the course of the administration of the estate of L. W. Birmingham & Son Company, who had been duly adjudicated bankrupt, there was filed the claim of L. W. Birmingham, Jr., for $450, alleged to be due for services rendered by the claimant to the company within three months preceding the filing of the petition. Upon a hearing of the matter the referee disallowed the claim as a prior debt against the estate, but did allow it as a general debt. Exception was made to the action of the referee, petition for review was presented, and the facts duly certified.

The record discloses that L. W. Birmingham & Son Company was a corporation organized under the laws of Tennessee, with its situs at Jackson, Tenn.; that upon its organization L. W. Birmingham, Sr., was elected president thereof, Pierce Winningham vice president and general manager, and L. W. Birmingham, Jr., its treasurer; that in September, 1921, Winningham resigned as general manager, and L. W. Birmingham, Jr., resigned as treasurer, and was then elected by the board of directors to the position made vacant by Winningham's resignation, in which position he continued until the bankruptcy proceedings. In support of the claim filed, the claimant on the 19th day of July, 1922, filed his affidavit, in which he sought to recover the sum mentioned on the ground that he was manager of the company, and that his du-

ties as manager consisted of doing all the clerical work, collecting accounts, buying goods, etc.

[1] The referee denied the claim on the ground that the manager of such company has no priority for salary due. Objection to this action is now urged on behalf of claimant, and it is stated in his behalf that the amount claimed is not in reality for services as manager, but as an employé of the corporation for clerical work, bookkeeping, etc. The action of the referee in denying this claim priority was correct. The record discloses that claimant was the manager and person actively in charge of the corporation covering the period for which the claim is made. As above stated, in his affidavit he says that the salary is due as manager, and it further appears that on the 17th of March, 1922, in the statement denying that the corporation should be adjudged a bankrupt, the affidavit is made by claimant as the manager and secretary treasurer of the corporation. The fact that he may have done clerical work, or may have worked as clerk in connection with his duties as manager, would not, within itself, be sufficient to warrant his claim, in view of the record. He cannot be permitted to wear the robe of manager when necessary to resist the petition filed against the corporation, and then lay aside that robe and clothe himself in the garb of an employé when it becomes necessary to assert a claim as a priority.

The duties performed were merely incident to his position as manager. The law as to this character of claim is well settled, and is contrary to the insistence of the claimant. In re Greenberger (D. C.) 203 Fed. 583, 30 Am. Bankr. Rep. 117; In re Brown (D. C.) 171 Fed. 281, 22 Am. Bankr. Rep. 496; Collier on Bankruptcy, vol. 2, pp. 1009, 1012; In the Matter of Boston French Range Co. (D. C.) 235 Fed. 916, 37 Am. Bankr. Rep. 508; In re Ye Ladies' Shoppe, Inc. (D. C.) 283 Fed. 693, 49 Am. Bankr. Rep. 268; Keyes v. Davis (D. C.) 231 Fed. 688, 36 Am. Bankr. Rep. 884; Wintermote v. MacLafferty, 233 Fed. 95, 147 C. C. A. 165, 37 Am. Bankr. Rep. 425.

[2] Another ground of objection urged in behalf of claimant is that no one in behalf of the creditors was objecting to the claim as filed and that the referee of his own motion disallowed the same. This objection cannot be sustained. While ordinarily a claim duly proved is prima facie evidence of its validity, and where no objection is raised, under ordinary circum-

stances, a claim will be allowed, yet a referee is not without authority, in protecting the rights of creditors, to determine of his own motion that a claim for which priority is sought is not so entitled as a matter of law.

While it is true, as said in Weidhorn v. Levy, 253 U. S. 268, at page 271, 40 Sup. Ct. 534, 535 (64 L. Ed. 898), that "the referee is not in any sense a separate court, nor endowed with any independent judicial authority, and is merely an officer of the court of bankruptcy, having no power except as conferred by the order of reference, reading this, of course, in the light of the act, and that his judicial functions, however important, are subject always to the review of the bankruptcy court," yet the referee in bankruptcy is not a mere figurehead. Subject to the limitations imposed by the Bankruptcy Acts he is a court to which the rights of the parties are submitted and wherein in the first instance their rights, to a degree, are passed upon. He is clothed with the authority provided by the act to protect the parties whose rights are thus submitted, and it is his duty so to do. He should guard the rights of creditors, in order that those rights may be secured to them. If the insistence of claimant in this instance were the law, it is conceivable that one who desired to file a large claim and seek to have it established as one which should receive prior payment could, by collusion with smaller creditors who might otherwise object, forestall objection and have his claim thus allowed; or, as in this instance, he could file a claim for a greater amount than the statute permitted under the circumstances, and according to claimant's insistence the referee would be powerless to enforce the positive provisions of the law. The Bankruptcy Act (Comp. St. §§ 9585–9656) never contemplated such an advantage, nor will the law permit it.

By section 38a (4), being Comp. St. § 9622, a referee in bankruptcy may "perform such part of the duties * * * as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided. * * *" There appears nothing in the act which would prohibit the referee of his own accord from considering and passing upon the legality of a claim, nor does there appear anything in the act limiting his power so to do. To the contrary it would appear that such power is impliedly given.

By section 57d of the Bankruptcy Act (Comp. St. § 9641) it is provided that when claims have been duly proven they shall be allowed unless objected to by the parties in interest, "or their consideration be continued for cause by the court upon its own motion." In the instant case it will be observed the referee has not disallowed the claim, but, to the contrary, he allowed it to be filed, and has merely passed upon the legal status thereof. Manifestly the wording of the act was not intended to deprive a referee of the power to say that, while a claimant could have his claim filed, he could have it filed in every instance as the character of claim insisted upon by him, whether legal or illegal. It is also true that, where a claim is duly proven, such proof is prima facie evidence of the validity of the claim, yet allegations relating to priority of a claim are not prima facie evidence of the truth of such allegations. In re Jones (D. C. Mich., opinion by Judge Knappen) 151 Fed. 108, 18 Am. Bankr. Rep. 206, and authorities therein cited.

Section 64b of the Bankruptcy Act (Comp. St. § 9648), in designating claims which shall be paid as prior claims, provides: "(4) Wages due to workmen, clerks, traveling or city salesmen, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed $300 to each claimant; and (5) debts owing to any person who by the laws of the states or the United States is entitled to priority." It would appear from this that, before the trustee could be permitted to disburse the funds, the question of priority as to any claims filed should be determined.

In Remington on Bankruptcy, vol. 2, p. 384, it is said with reference to an improper claim that the referee should not allow it, even though no party in interest objects. There is cited in support of this statement In re Goble Boat Co. (D. C.) 190 Fed. 92, 27 Am. Bankr. Rep. 48, and while the point determined in that case was not the exact question here presented, in speaking of the duties of a referee the court said:

"A referee is not justified in allowing a claim against an estate in bankruptcy when the proofs filed do not comply with the statute or general orders promulgated by the Supreme Court, whether creditors or the trustee raise specific objections to the sufficiency of the proofs filed or not. It is the duty of the referee to examine the proofs filed and see that they are sufficient."

The court states as a reason for this holding that "as a rule a majority of the creditors of a bankrupt cannot afford to go to the expense of employing an attorney to * * * examine the claims filed, and the duty rests on the referee before allowing a claim to see to it that the proofs filed comply with the statute and general orders."

In Cary v. International Agricultural Corporation (D. C.) 243 Fed. 475, it appears the referee decided of his own motion to reconsider his action in allowing a claim against the individual estate of a partner, and the contention was made that the referee had no power to so reconsider the matter after having passed upon it, in the absence of the question being raised by pleadings. In disposing of this contention, the court at page 479 said: "It would seem to be to subordinate substance to form to hold that the referee, due notice being given to all concerned, could not do of his own motion in such a case as this that which the referee impliedly, at least, considers it would have been competent for him to have done if a petition or motion had been filed by the trustee or a creditor."

In the case at bar there could be no question but what, if a creditor or the trustee had made objection to the claim in question being allowed as a priority, the referee would have had jurisdiction to determine the question. To say that, by reason of the fact that no such objection was made, he was compelled to allow the claim, would be equivalent to saying that a referee in such instances is merely a ministerial officer, with no power to act other than as a medium through which claims might be established and funds disbursed.

It is said that no authority is found as a precedent for the action of the referee in the case at bar. This may be true. No authority is cited either in support of his action or to the contrary. Investigation has disclosed none, unless the act and the authorities above referred to are sufficient. However, if no precedent exists for such action, it is indeed time one should be established.

It is not meant by this ruling to say that a referee can determine of his own motion questions of fact, which should be raised by objection in the manner pointed out by the act and the general orders; but it is ruled that a referee may disallow a claim priority, where in his opinion the law will not permit such a claim to have priority. To hold otherwise would be to require the referee to sit silent in such an instance, and see the

1 F.(2d)—33

estate of a bankrupt reduced by an unwarranted claim, and that he would be powerless to protect parties whose rights are submitted to his care.

The trustee could have raised objection to the claim, and could have thus brought the matter to the referee's attention; but the action of the referee was well warranted, as the proof of the claim within itself disclosed the fact that it was a claim which should not have been allowed priority.

Aside from what is hereinabove said as the matter is here submitted, it is now held that the claim sought to be established as one which should have priority is not so entitled, and can be allowed to be filed only as a claim of a general creditor, and to share in the general estate.

An order will be accordingly entered.