DOUGLAS OIL CO. v. BARBER et al.

No. 31224. April 11, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 391.*

C. A. Kothe, of Tulsa, and Francis H. DeGroat, of Duluth, Minn., for plaintiff in error.

Saul A. Yager and Eben L. Taylor, both of Tulsa, for defendants in error.

PER CURIAM. This is an appeal from the final order allowing payment as preferred claims in the sum of $3,556.60 a group of claims filed with the receiver under order of the trial court. The order creating the preference and ordering payment was entered on June 12, 1942. Thereafter, an order overruling the motion for new trial was entered July 12, 1942. The appeal is prosecuted by Douglas Oil Company in behalf of all similarly situated for the general creditors for the insolvent estate of the Magic City Amusement Company, a corporation.

A statement of the material portions of the record showing the proceedings will aid in obtaining a view of the legal propositions involved. On the 16th day of December, 1931, the Exchange National Trust Company filed suit to foreclose a mortgage for the principal sum of $300,000; on the same date the Magic City Amusement Company filed an answer and attached thereto a resolution of the board of directors of the Magic City Amusement Company confessing its inability to pay its indebtedness and consenting to the appointment of a receiver, and on the same date the trial court appointed a receiver for all of the assets of the Magic City Amusement Company. On the 17th day of December, 1931, H. J. Green qualified as receiver. On the 28th day of January, 1932, the court entered an order requiring the presentation of all claims. On the 26th day of April, 1932, the judgment of the court foreclosing the mortgage of the Exchange National Trust Company was entered, and thereafter there was a sale of the real estate which is not involved in this proceeding. On the 31st day of May, 1932, the receiver made a full report of all claims filed. On the 5th day of January, 1937, G. H. Galbreath was appointed receiver by order of the court and qualified on the same date. On the 14th day of June, 1939, there was an order allowing all general claims. On April 23, 1942, the court entered its order fixing and defining the deficiency judgment of the Exchange National Trust Company. On May 13, 1942, the receiver made a return of sale of the personal property of the Magic City Amusement Company, and on May 14, 1942, the sale was confirmed, and thereafter on May 22, 1942, the court entered its order directing the delivery of the sheriff's deed to the personal property. On the 22nd day of May, 1942, F. A. Barber et al. filed an application for an order directing the receiver to pay as preferred claims the claims of certain

employees. On the 3rd day of June, 1942, the Douglas Oil Company, on behalf of itself and creditors similarly situated, filed an objection to the application and titled the same a response. It raised the sufficiency of the evidence to sustain the claims and the legal proposition that the order could not be made because the claims were not earned within four months prior to an adjudication of insolvency. On the 12th day of June, 1942, the court entered its order as above stated for payment of the claims as preferred claims out of the funds in the hands of the receiver.

A motion to dismiss has been filed, but the amendments to the case-made make it unnecessary to pass on the motion except in one particular. It is argued that the receiver is a necessary party to the proceeding and that the appeal should be dismissed for failure to make the receiver, together with one other party appearing at the trial, parties to the proceeding. All parties who appeared at the trial were made parties to the proceeding on appeal by the giving of the notice of intention to appeal. City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418. The motion to dismiss the appeal is denied.

Plaintiff in error presents two general propositions: (1) The evidence is insufficient to sustain the finding of the trial court that the claims are in a class to be preferred under the statutes, 42 O. S. 1941 § 40; (2) the claims were not earned within four months of the adjudication of insolvency as provided by the above section.

The only evidence as to the nature of the claims is contained in the claims themselves. All of them are sufficient with the possible exception of the claims filed by F. A. Barber. In fact, no other claim is seriously attacked. F. A. Barber filed his claim January 14, 1932. In the claim it is stated "back salary as per itemized statement hereto attached." In the itemized statement is the following: "the hereto attached claim covers the period from July 13, 1931, to December 17, 1931, in the amount of $1,-

276.19." This is admittedly excessive in the sense that the claim for priority did not include the few excessive days. It has been corrected in this respect in the journal entry of judgment allowing the claims. We hold that the evidence is sufficient to sustain the claim including the claim of F. A. Barber. The priority includes a personal service. In the case of In re Swaine, 194 Fed. 749, it is stated:

"The identity of the corporation being distinguished from that of the individuals comprising its officers, through whom it acts, such officers may become its creditors or its debtors and as individuals may contract with the corporation to become its servants, to perform clerical or manual labor; and where such service forms no part of their duties as officers or directors, it seems to me that the claim for such service is in the same condition as that of any other person similarly employed."

The plaintiff in error did not controvert the claim of F. A. Barber on the ground that it was not earned within the provisions of 42 O. S. 1941 § 40, except that it was barred under the terms of the statute as to time. In the absence of any evidence contradicting the nature of the service rendered by F. A. Barber, it is sufficient to sustain the finding as to the preference.

Plaintiff in error treats the second proposition, to wit, that the claims are improperly allowed preference, because they did not accrue within the four months immediately preceding adjudication of insolvency in nine different paragraphs. We shall notice that it is claimed that when the petition was filed December 16, 1931, there was no issue of insolvency of the Magic City Amusement Company; there was no adjudication of insolvency until May 22, 1942; the adjudication of insolvency controls and not the actual insolvency. These include every material objection made to the claims in the nine paragraphs above mentioned. It is apparent that defendants in error rely principally upon the fact that the Magic City Amusement Company was actually in-

solvent on December 16, 1931, and upon the fact that the court found in May, 1942, that the Magic City Amusement Company was in fact insolvent on December 16, 1931, and had since that time been insolvent. The plaintiff in error relies upon the statute, which it states allows claims as a preference for four months immediately preceding the adjudication of insolvency. Plaintiff in error relies upon Roberts v. Edie, 85 Md. 181, 36 Atl. 820. That case is clearly distinguishable from the case at bar. Therein two sets of claimants claiming priority under the Maryland statute were contestants. The court held that where there had been no proof of insolvency but merely the filing of a petition, the claimants preferred by the statute were those whose claims accrued in the four months immediately prior to the adjudication of insolvency. Likewise, the case of In re Unit Lock, 49 Fed. 2d 313, is readily distinguishable. The only question therein determined was the preference under 42 O. S. 1941 § 40 meant the four months immediately prior to the adjudication and could not be construed to be any four-month period selected by the claimant. Many of the cases cited by both parties treat of preference under the United States Bankruptcy Act. Several of them examine and inquire into situations where there is a conflict between the state proceedings in insolvency or receivership and the federal proceedings in bankruptcy. We have not found a single case cited or examined relatively in point. When the bank filed its petition on December 16, 1931, and the receiver was appointed, it presented a claim for $300,000. The claim of the Douglas Oil Company is in the approximate sum of $285,000. All the subsequent proceedings reveal that the Magic City Amusement Company was hopelessly insolvent at all times after the filing of the petition on the 16th day of December, 1931. At no time thereafter was there any reasonable expectation of solvency. Without objection from any creditor the receivership was continued and during the proceeding a new receiver was appointed. All this time the claims of defendants in error were on file and were subsequently allowed. Plaintiff in error insists that there were ample means by which the claimants could have proceeded to protect their interest and refers to certain statutes allowing preference liens. The answer suggests itself that since the claimants had a right to assume that they had done everything required by a court of equity to be protected, it did not occur to them to seek further protection. Defendants in error suggest that aside from 42 O. S. 1941 § 40, equity will exercise its general powers in receivership cases to create and enforce their preference liens. We shall not discuss the authorities for and against this proposition cited by the parties. We hold that where, as in the case at bar, a receiver is appointed in circumstances evidencing insolvency, the fact that there is a long delay in the proceeding does not preclude the preferred claimants from enforcing their statutory preference liens under 42 O. S. 1941 § 40, and since the claims were earned in the period set out by statute prior to the filing of the petition on December 16, 1931, they were properly allowed. See, in this connection, the discussion in First National Bank of Alex v. Southland Production Co., 189 Okla. 9, 112 P. 2d 1087.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.