In re ROEBUCK WEATHER STRIP & WIRE SCREEN CO.

(District Court, S. D. New York. February 16, 1910.)

No. 12,138.

BANKRUPTCY (§ 348*)—CLAIMS—PREFERRED CLAIMS—"WAGES"—"SALESMAN."
Complainant contracted to solicit orders for the bankrupt for weather strips, and, when obtained, to superintend the placing thereof by workmen acting under his direction. The bankrupt paid the wages of the workmen and furnished the material, and out of the price retained the cost of the labor and material and 15 per cent. of the price additional, paying claimant whatever was left from the amount collected for his compensation. *Held*, that plaintiff was a "salesman," notwithstanding his duty of supervising the installation of the strips, and his compensation was "wages," within Bankr. Act July 1, 1898, c. 541, § 64b, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), entitling wages of workmen, salesmen, etc., to priority.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. § 348.*

For other definitions, see Words and Phrases, vol. 8, p. 7793; vol. 8, pp. 7369–7373, 7831.]

In the matter of the Roebuck Weather Strip & Wire Screen Company, bankrupt. Petition to review an order of the referee disallowing the claim of Jesse D. Alger as a preferred labor claim. Order reversed, and petition allowed.

William H. Janes, for claimant.
Leonard Bronner and S. Marshall Kronheimer, for trustee.

HOLT, District Judge. This is a petition to review an order of a referee disallowing a claim of Jesse D. Alger as a preferred claim.

The bankrupt was engaged in the business, among other things, of manufacturing weather strips. It entered into a contract with the claimant by which it was agreed, in substance, that the claimant should solicit orders for weather strips; that, when obtained, he should superintend the placing in position of the strips by workmen acting under his direction, and whom he selected, subject to the approval of the bankrupt; that the bankrupt should pay their wages, should furnish the material, and out of the price should retain the cost of labor and material and an additional amount of 15 per cent. on the price, and whatever was left from the amount collected was to be paid to the claimant for his compensation. He rendered such services to the bankrupt, for which there is due $431.61, and he claimed priority for $300, under section 64b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), which provides that "wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of proceedings, not to exceed $300 to each claimant," have priority. The referee denied the claim to priority, holding that the claimant was not a wage-earner, that he was a principal and shared in the profits with the bankrupt, and therefore was not entitled to priority.

In my opinion, the claimant was not a principal with the bankrupt

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in its business. The bankrupt furnished the materials and paid for the labor. It passed upon the credit of the purchaser, and could refuse orders obtained by the claimant if it saw fit. Although the arrangement between them for the claimant's compensation was unusual, I think it amounted to a case of wages paid to a salesman. The term "wages," as used in this section, has received a very liberal construction. It includes commissions or other methods of payment. In re New England Thread Company, 20 Am. Bankr. Rep. 47, 158 Fed. 788, 89 C. C. A. 285. If the agreement had been that the claimant was to receive 15 per cent. and the bankrupt the remaining profits, no one, I take it, would claim that this was not a case of wages due to a salesman. In my opinion, the fact that the bankrupt received the 15 per cent. and the salesman the difference does not substantially change the nature of the arrangement. The fact that the claimant, in addition to procuring orders for the bankrupt's goods, supervised their being placed in position, does not, in my opinion, take him out of the category of salesman. His principal business was that of procuring orders. The weather strips probably could not be properly put in position by an ordinary purchaser or an inexperienced person. The claimant, therefore, supervised that work. But I think that that was an incident to his main business, which was that of a salesman of the bankrupt's goods.

My conclusion is that the claim filed should be allowed priority to the extent of $300, and that the claimant should stand as a general creditor for the balance only.