BLESSING v. BLANCHARD et al.

In re PACIFIC MOTOR CAR CO.'S ESTATE.

(Circuit Court of Appeals, Ninth Circuit. May 10, 1915.)

No. 2530.

1. BANKRUPTCY ⊚⟿348—CLAIMS—PRIORITY—"WAGE-EARNER."
    Bankr. Act July 1, 1898, c. 541, § 64b (4), 30 Stat. 563 (Comp. St. 1913, § 9648), gives priority to wages due to workmen, clerks, salesmen, or servants, earned within three months before the commencement of the proceedings. Section 1, subd. 27 (Comp. St. 1913, § 9585), defines a "wage-earner" as an individual working for wages, salary, or hire at a rate of compensation not exceeding $1,500 a year. *Held*, that subdivision 27 does not refer to or limit section 64b (4), and hence priority cannot be denied merely because a claimant's wages or salary exceeded $1,500 a year, as that subdivision defines a "wage-earner" in any provision of the Bankruptcy Act or proceeding relating thereto in which the word may be found, and more especially the section prescribing the classes which may be adjudged an involuntary bankrupt.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⊚⟿348.
    For other definitions, see Words and Phrases, First and Second Series, Wage-Earner.]

2. BANKRUPTCY ⊚⟿348—CLAIMS—PRIORITY—"SERVANT."
    The general manager of a bankrupt corporation had authority to hire and discharge men and to superintend the salesmen, and had the general control of the workmen in all departments. He also worked as salesman, and he was neither an officer, a director, nor a stockholder of the corporation. *Held*, that his claim for salary was not entitled to priority under Bankr. Act, § 64b (4), since, though the word "servant" often has a broad meaning, and in one sense may include all employés in the service of another, and also the officers of corporations, it is not used in that sense in the section in question, but means a restricted class of subordinate helpers, who work for wages, but who are neither salesmen, workmen, nor clerks, especially as priority of payment is intended for the benefit only of those dependent upon their wages, and who, having lost their employment by the bankruptcy, are in need of protection.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⊚⟿348.
    For other definitions, see Words and Phrases, First and Second Series, Servant.]

3. BANKRUPTCY ⊚⟿348—CLAIMS—PRIORITY.
    Where the superintendent of an automobile company's shop, having authority to hire and discharge men in his department, but who was subject to the control and direction of the general manager, did the same kind of work in the shop as the men working under him in the repair of automobiles and general shop work, his claim for salary was entitled to priority under Bankr. Act, § 64b (4).
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⊚⟿348.]

4. BANKRUPTCY ⊚⟿348—CLAIMS—PRIORITY.
    The claim for salary of such superintendent was entitled to priority under the California statute giving priority in insolvency proceedings to miners, mechanics, salesmen, clerks, servants, laborers, or other persons for work done or services rendered, assuming that such law was not supplanted by the Bankruptcy Act.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⊚⟿348.]

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition for Revision of Proceedings of the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

In the matter of the Pacific Motor Car Company, bankrupt. On petition by Chas. B. Blessing, trustee in bankruptcy, to revise a judgment allowing priority to claims of G. A. Blanchard and another. Reversed in part, and affirmed in part.

Heller, Powers & Ehrman and Reuben G. Hunt, all of San Francisco, Cal., for petitioner.

R. H. Countryman, of San Francisco, Cal., for respondents.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. This is a petition to revise the judgment of the District Court in allowing priority to claims of two employés of the bankrupt. Blanchard was allowed a priority of $145.20, and Winn was allowed a priority of $245; the said sums being the balance due them respectively on their salaries earned within three months prior to the filing of the petition in bankruptcy. The bankrupt was engaged in buying, selling, and repairing automobiles. Blanchard was the general manager of the bankrupt, at a salary of $300 per month. As general manager, he had authority to hire and discharge men, and to superintend the salesmen, and he himself worked in the capacity of a salesman. He had the general control and direction of the workmen in the employment of the bankrupt in all its departments. He was not an officer, director, or stockholder of the bankrupt. Winn was the superintendent of the shop. He had authority to hire and discharge the men in his department, but was subject to the control and direction of Blanchard. He did the same kind of work in the shop as did the men who worked under him, in repairing automobiles and general shop work.

[1] The petitioner claims that neither Blanchard nor Winn was entitled to priority of payment, first for the reason that each was receiving a salary in excess of $1,500 per year; and it is contended that section 64b (4) of the Bankruptcy Act is to be construed in connection with section 1, subd. 27, of the Bankruptcy Act. That subdivision is found in a chapter which is devoted to definitions of words and phrases used in the act. Subdivision 27 defines a "wage-earner," and declares that the term "shall mean an individual who works for wages, salary, or hire at a rate of compensation not exceeding one thousand five hundred dollars per year." Although there is some authority to the contrary, we are of the opinion that the provision just quoted does not refer to or limit section 64b (4). It was intended only to define the phrase "wage-earner" in any provision of the Bankruptcy Act or proceeding relating thereto in which the word might be found, and more especially section 4b of the act (Comp. St. 1913, § 9588), which provides that any persons, excepting a wage-earner or a person engaged chiefly in farming or the tillage of the soil, etc., may be adjudged an involuntary bankrupt.

[2] The question remains whether or not Blanchard and Winn were entitled to priority under the provisions of section 64b (4), which gives priority to wages due to workmen, clerks, traveling or city salesmen or servants. The Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517) gave priority for wages due "any operative or clerk or house servant." The act of 1898 originally provided for priority of wages due to "workmen, clerks and servants." In 1906 (Act June 15, 1906, c. 3333, 34 Stat. 267 [Comp. St. 1913, § 9648]) it was amended by inserting the words "traveling or city salesmen," an amendment which was induced by decisions in which it had been held that salesmen were not included under the word "servants" in the original act. The word "servants" often has a broad and inclusive meaning, and in a sense it may be said to include all employés in the service of another, and also the officers of corporations. It is very clear, however, that it is not used in that sense in the section under consideration. Although the word "servant" is broader than the term "house servant," as used in the act of 1867, it was not intended by its use in the act of 1898 to include all employés; otherwise, there would have been no necessity for a specific mention of workmen or clerks or salesmen. We think the word "servant" should be held to mean a restricted class of subordinate helpers who work for wages, but who are not salesmen, workmen, or clerks. We do not think it includes the manager of a business, notwithstanding that he may also have rendered services as a salesman.

Priority of payment was intended for the benefit only of those who are dependent upon their wages, and who, having lost their employment by the bankruptcy, would be in need of such protection. It evidently was not thought that the general manager of the business would require special protection. Such seems to have been the opinion of the courts of bankruptcy. In re Grubbs-Wiley Grocery Co. (D. C.) 96 Fed. 183; In re Carolina Cooperage Co. (D. C.) 96 Fed. 950; In re Albert O. Brown & Co. (D. C.) 171 Fed. 281; In re Greenberger (D. C.) 203 Fed. 583. In Latta v. Lonsdale, 107 Fed. 585, 47 C. C. A. 1, 52 L. R. A. 479, the Circuit Court of Appeals for the Eighth Circuit, in construing a statute of Arkansas which denied preferences among creditors of insolvent corporations "except for wages and salaries of laborers and employés," held that an attorney employed by a corporation at a yearly salary, payable monthly, was not entitled to the preference. The court said that statutes of the character under consideration were enacted for the protection of wage-earners proper, who had neither the position, nor the opportunity, nor the capacity to obtain payment or security for their services.

[3] The claim of Winn as presented to the bankruptcy court recited that he was superintendent of the shop, working in and about the shop in the repair of automobiles and in the service department of said bankrupt, and that his salary was $150 a month. We are not convinced that the court below was in error in holding that Winn was a workman within the meaning of section 64b (4). The fact that, while working with the men as their foreman, he was superintendent of the repair shop, would not necessarily place him in a different class

from the other workmen, or exclude him from the protection of the act.

[4] In the briefs there is discussion of the question whether or not the statute of the state of California providing for priority payment in insolvency proceedings under the state law is supplanted by the Bankruptcy Act dealing with the same subject. It is unnecessary to consider that question here, for Blanchard, whose claim to priority under the Bankruptcy Act we think should be denied, is not included among those for whom the benefit of the state law is intended; that is to say, "miners, mechanics, salesmen, clerks, servants, laborers or other persons for work done or services rendered."

As to Blanchard, the judgment below is reversed; as to Winn, it is affirmed.