## In re CAPITAL PAINT CO.

(District Court, N. D. California, First Division. November 17, 1916.)

### No. 9552.

BANKRUPTCY ⬤═━348—CLAIMS—PREFERENCE—WAGES.

One who had been employed by a bankrupt corporation as its president and manager, but whose duties as such were merely nominal, because of the small size of the business, his principal duties being those of clerk and salesman, is entitled to a preference for his claim for wages.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⬤═━348.]

In Bankruptcy. In the matter of the Capital Paint Company, bankrupt. On petition by the trustee to review an order of the referee allowing the claim of T. E. McShane as a preferred claim for wages. Order affirmed.

Louis P. Dunkley, of San Francisco, Cal., for trustee and petitioner.

L. T. Hatfield, of Sacramento, Cal., for claimant.

DOOLING, District Judge. The referee allowed the claim of T. E. McShane for $300 as a preferred claim for wages. The trustee has brought the matter to this court by petition for review. The trustee insists that McShane was president and manager of the bankrupt corporation, and that as such he could not be a preferred creditor. The claimant contends that he was employed primarily as a clerk, and that while he was president of the corporation, as well as manager thereof, his duties as such were merely nominal. The findings of the referee, as certified to the court, are as follows:

"It appeared from the testimony introduced by said claimant that he was president and manager of the Capital Paint Company; that he also acted in the capacity of clerk in the store of said company under an agreed salary of $200 per month; that he worked in the store of said corporation as a clerk; that at times he traveled in the capacity of salesman for said bankrupt; that he also drove a delivery wagon for said company; that he worked continuously for said bankrupt from 7 o'clock in the morning until 6 o'clock in the evening; that his services as manager were nominal; that the business was not of sufficient size to support a manager, as that term is usually applied; that the claimant was obliged to discharge the duties as manager (to the extent that a manager's services were required), in addition to his duties as clerk; that it was necessary that some one be manager who understood the paint business and would work for the corporation in the capacity of clerk; that he was hired as clerk, for the reason that he was an expert salesman and had a thorough knowledge of the paint business, and in addition thereto he was made manager, for the reason that the company could not pay another person a salary for the small services such position required."

The trustee questions the correctness of these findings, but the testimony on which they are based is not found in the record as brought here. Under such circumstances, the findings of the referee cannot be disturbed, and, as they support the order allowing as prior the claim for $300 for wages earned by McShane in the capacity of clerk, such order must be affirmed; and it is so ordered.