In re EAGLE ICE & COAL CO., Inc.

(District Court, E. D. Pennsylvania. March 31, 1917.)

No. 5855.

1. BANKRUPTCY ⟪⟫348—PAYMENT OF CLAIM—WAGES—PRESIDENT OF CORPORA-
TION.

Bankr. Act July 1, 1898, c. 541, § 64, 30 Stat. 563, as amended by Act
June 15, 1906, c. 3333, 34 Stat. 267 (Comp. St. 1913, § 9648), giving a pref-
erence to wages due workmen, clerks, etc., does not give a preference to
the claim of the president of a bankrupt ice company for the amount due
him under a resolution fixing his salary as president, to cover all services
rendered by him in connection with the company, though he also rendered
services as clerk and as driver of one of the company's wagons, and
though he would have been entitled to preference if the compensation had
been fixed for his services as driver and clerk, and his services as presi-
dent were to be rendered as incidental thereto.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536.]

2. BANKRUPTCY ⟪⟫140(1)—RIGHTS TO PROPERTY—LAW GOVERNING.

In proceedings to reclaim property from the trustee in bankruptcy the
question whether the contract under which the bankrupt held the prop-
erty was a bailment for hire, or a sale, conditional or absolute, must be
determined by the law of the state in which it was made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199.]

In Bankruptcy. In the matter of the Eagle Ice & Coal Company,
Incorporated, bankrupt. Petitions by Lawrence A. Lacey and others
for the review of certain orders of the referee denying claims of the
petitioners to preference and for reclamation of property. Orders of
the referee approved and confirmed.

Edward A. Kelly, of Philadelphia, Pa., for petitioner Karper.

Lawrence C. Hickman, of Philadelphia, Pa., for petitioners Lacey
and Gerner.

Byron, Longbottom & Pape, of Philadelphia, Pa., for trustee.

BRADFORD, District Judge (specially presiding). Lawrence A.
Lacey, David F. Gerner and Norman E. Karper are petitioners for the
review of certain orders of the referee in the matter of the Eagle Ice
& Coal Co., Inc., bankrupt. Lacey and Gerner filed claims for $75
and $45, respectively, for wages alleged to be preferred. Karper in-
stituted a reclamation proceeding to recover from the trustee in bank-
ruptcy a dump wagon alleged to have been leased to the bankrupt. The
referee held that on the facts shown Lacey and Gerner were not en-
titled to claim as preferred creditors, and Karper was not entitled to
recover the wagon. The petitions of review now before this court
have as their subject the orders of the referee based upon his above
findings. In the referee's certificate touching the claim made by Lacey
it is stated:

"The claimant filed before me a claim for wages alleged to be preferred, in
the amount of $75. It appeared from an examination of the claimant that
he was president of the corporation bankrupt, and by resolution of the Board
of Directors, he was to receive $15 a week as president. His work as presi-
dent was nominal, but he acted as driver of one of the company's ice wagons.

It appeared further that he was one of five incorporators who as owners, under a former corporation, of the ice wagons of Eagle Ice & Coal Company had transferred their stock to this company for a proportionate division of the stock of the bankrupt company."

[1] Section 64 of the bankruptcy act as amended provides a certain grade of priority of payment for "wages due workmen, clerks, traveling or city salesmen, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant." It appears that the only employment of Lacey for compensation by the bankrupt was as its president. A resolution was passed by the board of directors October 11, 1915, as follows:

"On motion duly seconded and carried, the weekly salaries of the president, vice president, secretary and treasurer, were fixed at $15 each, to cover and include all services rendered by them in connection with the company."

It appears in the proceedings before the referee, certified to this court, that the "referee enters of record" that Lacey "makes claim by virtue" of the above resolution. He was not contracted with in any other capacity. The salary he was to receive was his salary as president. The bankrupt did not employ him as clerk, driver, or otherwise than as president, and it was expressly stipulated as above appears that the salary was to cover and include all services rendered in connection with the bankrupt. It is clear on the authorities that the president of a corporation as such is not entitled to wages as a preferred claim under the bankruptcy act. Lacey claims he was entitled to $15 a week for his work as clerk, driver, or in some other capacity. But, as before stated, he was not employed in any capacity but that of president, and he seeks to be allowed as a preferred claim the precise amount fixed in the resolution as the president's salary. Apparently he seeks at one and the same time to stand upon and also to repudiate the resolution fixing his remuneration at $15 a week. He has made no effort to establish before the referee what his work as clerk or driver, or in some other capacity, was worth; but claims the amount fixed as his salary. It appears, it is true, that he did not render much service as president. It may be that in fixing his salary at an amount in excess of what his services might prove to be worth it was with the idea that his salary would be sufficient to compensate him for any services he might render "in connection with the company." He was president and a stockholder, and it cannot be asserted that it was unreasonable under the circumstances that he should be compelled to rely exclusively upon his salary as president. Had the company desired, it could, notwithstanding the fact that he was its president, have employed him as a workman, clerk, traveling or city salesman or servant, and in such case he would have been entitled to prove against the bankrupt estate the amount of his salary as president as a general creditor and the amount of his wages as a preferred creditor. So, if before his election as president he had been employed by the bankrupt as such workman, clerk, traveling or city salesman, and after his election as president had continued to fill such other position, he would equally have been entitled to prove as a general

creditor and also as a preferred creditor. As was said in the case of In re H. O. Roberts Co. (D. C.) 193 Fed. 294:

"The fact that a claimant is a director or officer of a corporation does not disable the corporation from employing him as a clerk also. If the labor performed by him is so performed under his employment as clerk, and is not performed as a part of his duties as an officer, then he is entitled to priority for his wages as a clerk."

But in this case the sole employment was as president.

The order of the referee disallowing Lacey's claim as preferred is approved and confirmed. On similar grounds the order disallowing Gerner's claim as preferred is also approved and confirmed.

[2] The question involved in the claim made by Karper is whether a certain contract between the bankrupt and him, trading as the Eagle Wagon Works, was one of bailment for hire, on the one hand, or of sale, conditional or absolute, on the other. It is a Pennsylvania contract and must be interpreted according to the law of that state. The referee held that under the Pennsylvania decisions the contract was a sale and not a bailment, and consequently that by virtue of section 47–a–(2) of the bankruptcy act, as amended (Comp. St. 1913, § 9631), the claim made by Karper for the wagon could not prevail against the trustee. It is not without some misgiving, largely due to the fact that the case of Gehris-Herbine Co. (D. C.) 188 Fed. 502, on which some reliance is placed by the referee, differs in some material features from that before this court, that I have reached the conclusion that the finding and order of the referee should not be disturbed. The order made touching the claim made by Karper is therefore approved and confirmed.