## In re COST CUT COUNTERBORE CO.

### Petition of GREENSPOND.

(District Court, E. D. Michigan, S. D.    September 21, 1922.)

#### No. 4681.

1. **Bankruptcy ⊙⟹348—Claim to priority for wages depends on actual character of services.**

   Whether a claim is entitled to priority under Bankruptcy Act, § 64b (4), being Comp. St. § 9648, as for wages due to "workmen, clerks, traveling or city salesmen or servants," depends on the actual character of the services for which compensation is claimed.

2. **Bankruptcy ⊙⟹348—Claim by officer of corporation for services as salesman held entitled to priority; "wages due to salesman."**

   The right of the sales manager of bankrupt corporation to priority for his salary during the four weeks preceding bankruptcy, as wages of a salesman, under Bankruptcy Act, § 64b (4), being Comp. St. § 9648, where the services rendered were in personally canvassing for orders and making sales and deliveries, *held* not affected by the fact that he was an officer and director of the corporation, for which he received no salary or that as sales manager he had supervision over other salesmen.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wages.]

In Bankruptcy. In the matter of the Cost Cut Counterbore Company, bankrupt. On review of order of referee denying priority to claim of David Greenspond. Reversed.

Benjamin, Betzoldt & Bassett, of Detroit, Mich., for petitioner.
Frank Kenney, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition to review an order of one of the referees in bankruptcy for this district, denying priority to a claim which petitioner alleges is entitled to such priority under section 64b (4) of the Bankruptcy Act (Comp. St. § 9648), which provides that among debts having priority shall be:

"Wages due to workmen, clerks, traveling or city salesmen, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant."

The material facts are stated by the referee in his return to be as follows:

"There is no controversy over the facts. David Greenspond, the claimant, was the inventor of a certain mechanical tool called a counterbore. A corporation, the Cost Cut Counterbore Company, the bankrupt herein, was formed to manufacture and sell the device. Greenspond received half of the capital stock of the company in return for the invention, which he turned over to the company, and gave half of his shares to his brother. He was elected a director of the company, and made vice president and general manager; his compensation being fixed by the board of directors at $75 per week and 5 per cent. of the net profits. He resigned as a director and officer of the corporation in about one year, but returned to the company in a few days as a director, vice president, and general sales manager. His duties were to supervise all the sales of the company, and he had two men working under him as such sales manager. His compensation was $75 per week without any com-

missions. He secured the orders for the company, having the state of Michigan as his own particular territory. He appointed men in other states to take charge of sales therein under his supervision. Meetings of the board of directors were held at intervals, which he attended, and at which he made reports as sales manager. He participated in these meetings as a member of the board in determining what its policies should be, at least as to sales. His testimony is that questions of financial policy were not discussed at these meetings, but that reports of the treasurer of the company were made, and that he knew the financial condition of the company; that the officers of the company did not receive any compensation as such, and that his compensation was first as general manager, and later as sales manager."

To the foregoing statement of facts which, according to the testimony taken before the referee, transcript of which is attached to the said return, appears to be correct as far as it goes, should be added the following findings, based upon the testimony just referred to:

During the period of four weeks and upward just prior to the filing of the bankruptcy petition herein, the work and duties of the petitioner, compensation for which at the rate of $75 per week for said four weeks is all that is claimed as preferred, consisted of traveling about and demonstrating tools for the bankrupt, securing orders therefor, soliciting new business, helping, with his mechanical knowledge, in the manufacturing department, although not as foreman nor superintendent thereof, and delivering the tools and specialties when completed and ready for delivery. He spent only a few hours a day in the office, being outside much of the time soliciting orders, making sales, delivering, and helping to develop the business of the bankrupt. His salary was $75 per week plus 5 per cent. of the net profits, but he did not receive, and has filed no claim for, any of such commissions. His duties as sales manager, for which he received no extra compensation, were, as he expressed it, "to go out and get business." He was expected to "take care of as much of the state of Michigan as" he could. He attempted to secure men in other states, and succeeded in obtaining two salesmen for that territory, whom he sometimes accompanied on their trips and helped to procure orders. He received no compensation as vice president nor as a director.

The question presented is whether, under the facts and circumstances thus shown by the record, petitioner is entitled to priority, under section 64b (4), upon his claim for compensation at the rate of $75 per week for four weeks immediately preceding the commencement of the bankruptcy proceedings in this cause, being, of course, within the statutory three months' period specified in said section. The learned referee was of the opinion that the relations of the claimant to the bankrupt corporation as vice president, director, and stockholder made him a principal rather than an employee, within the meaning of the section under consideration, and deprived him of the legal status of a workman, clerk, traveling or city salesman, or servant, and therefore excluded him from the benefit of priority for his claim.

[1] With the conclusion of the referee just referred to I find myself unable to agree. It seems to me plain that the question whether the claim of petitioner is entitled to priority under this section depends upon whether the compensation sought is for services performed in one or more of the capacities mentioned in such section. If

the principal services rendered by the claimant have been performed in any such capacity, then the preferred character of the claim for such work is not affected by the fact that the claimant also incidentally and secondarily to the occupation and work for which and in which he was engaged, and for which said compensation is claimed, performed supervisory or even managerial duties and powers. In re Roebuck Weatherstrip & Wire Screen Co. (D. C.) 180 Fed. 497; In re Crown Point Brush Co. (D. C.) 200 Fed. 882; Blessing v. Blanchard, 223 Fed. 35 (C. C. A. 9), 138 C. C. A. 399, Ann. Cas. 1916B, 341. Moreover, the fact that a claimant is clothed by his employer with certain discretion concerning the method or manner in which he may perform his duties is wholly immaterial upon an inquiry into the question whether he is entitled to the protection of this section. In re Dexter, 158 Fed. 788, 89 C. C. A. 285; In re Gay (D. C.) 188 Fed. 392.

[2] Nor would the mere fact that such a claimant, while actually employed in one of the capacities thus protected, and devoting his time and efforts primarily and principally to the duties of such a position, was also an officer or director of the corporation by which he was so employed, affect his status as a member of one of the classes of creditors entitled to said priority. The nature of the actual work done by an employee, and for which compensation is due him, not the mere title of the position held by him or his official relation to his employer, corporate or otherwise, is the true test by which his right to a preference in the payment of his unpaid compensation is to be determined. In re Eagle Ice & Coal Co. (D. C.) 241 Fed. 393. Surely one who is engaged by a corporation to do work of a character accorded preference by the Bankruptcy Act is not deprived of such right by the mere circumstance that he happens to be also connected with said corporation as an officer, director, or stockholder, so long as the conditions prescribed by section 64 with respect to the rights of such claimant are present. In re H. O. Roberts (D. C.) 193 Fed. 294; In re Swain Co. (D. C.) 194 Fed. 749; In re Capital Paint Co. (D. C.) 239 Fed. 424.

Congress, and not the courts, established the statutory provision in question; and Congress has not, as it could have readily done, expressly limited the operation of this section of the statute to claimants not connected with their corporate employers in any of the official relationships. If it be thought that the section here involved should be so modified as to be limited to the extent contended for, any arguments in that direction should be addressed to Congress, which is the only tribunal which can supply the necessary remedy and furnish the desired result.

For the reasons pointed out, the order complained of must be set aside, and the cause remanded to the referees, for further proceedings not inconsistent with the terms of this opinion; and it is so ordered.