## In re PACIFIC CO-OP. LEAGUE STORES.

### BRAINARD v. IRWIN et al.

(Circuit Court of Appeals, Ninth Circuit. July 16, 1923.)

No. 4003.

1. **Bankruptcy ☞440—Order based on stipulated or admitted facts reviewable by petition to revise.**

   An order of the District Court, based on stipulated facts or uncontradicted testimony, may be reviewed by petition to revise, under Bankruptcy Act, § 24b (Comp. St. § 9608).

2. **Bankruptcy ☞348—Managers of branch stores held "clerks," whose claims for wages were entitled to priority.**

   Where bankrupt, a co-operative mercantile corporation, conducted a chain of retail stores, each under charge of a "manager," who personally opened and cared for the store, acted as salesman, and whose duties were in reality those of a chief clerk, though having limited authority to make purchases and employ help, such managers *held* "clerks," within the meaning of Bankruptcy Act, § 64b (4), being Comp. St. § 9648, and entitled to priority for wages due them.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Clerk.]

3. **Bankruptcy ☞348—Nature of actual work done by employee determines his right to priority.**

   It is the nature of the actual work done by an employee, and not the title of the position held by him, which determines his right to priority for wages.

4. **Bankruptcy ☞348—Whether a "manager" is in fact a clerk depends on the facts in each case.**

   Whether one who is designated a manager is in reality a clerk or salesman must always depend on the particular facts in the case.

Petition for Revision of Proceedings of the District Court of the United States for the Third Division of the Northern District of California; Robert S. Bean, Judge.

In the matter of the Pacific Co-operative League Stores, bankrupt. On petition by G. W. Brainard, Trustee, to revise an order allowing priority to claims of Floyd J. Irwin and others. Denied.

Joseph Kirk and Clarence A. Shuey, both of San Francisco, Cal., for petitioner.

Perry Evans, of San Francisco, Cal., for respondents Irwin and others.

W. E. Gearhart, of San Francisco, Cal., for respondents Floyd and others.

Aaron N. Cohen, of San Francisco, Cal., for respondent Lesnet.

Robert Gordon, of Oakland, Cal., for respondent Gara.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GILBERT, Circuit Judge. The petitioner by a petition for revision brings under review the decision of the court below affirming the order of the referee in bankruptcy whereby certain claims against the bankrupt's estate were allowed priority of payment under the provisions of section 64b of the Bankruptcy Act (Comp. St. § 9648); the referee having ruled that the claimants were clerks within the provisions of said section. The petitioner contends that the claimants were managers, and that they were not entitled to priority.

[1] The respondents moved to dismiss the petition on the ground that the question of law sought to be revised arises only upon a review of the evidence and an ascertainment of the facts, and that the only remedy of the petitioner is by appeal. It is true that there is no specific finding of facts. There is, however, a stipulation of some of the facts and a statement of the evidence in the case, in which is set forth in uncontradicted testimony the nature of the services which the claimants rendered to the bankrupt. Such stipulation and statement of the evidence was accepted as true by the referee and by the court below, and we see no reason why it should not be so accepted by this court. It stands in the place of a statement of the facts. This court will not be called upon to weigh the evidence, but in dealing with the petition for revision will be required only to apply to the facts as stated, the law as it is written in section 64b. In so doing we are not required to depart from the rule stated in Olmsted-Stevenson Co. v. Miller, 231 Fed. 69, 145 C. C. A. 257, and authorities there cited, in which it was held that on a petition to revise proceedings in bankruptcy the court is neither required nor permitted to review the testimony. The motion to dismiss is denied.

[2] It appears from the stipulation of facts and the testimony that the bankrupt, in its co-operative business of buying and selling merchandise throughout the Pacific Coast states, conducted 37 branch stores. The claimants here were certain of the so-called managers of the stores. The bankrupt was a co-operative business association, formed under section 653b of the Civil Code of California. The funds to establish the branch stores were obtained from associate members. The association was divided into an educational division, a fraternal division, and a wholesale division. The latter was the purchasing division for the League. There was one general manager of the League Stores. Persons experienced in the grocery business were employed under the designation of managers to take charge of each store. The average salary paid them was $161.40 per month. The local manager was to purchase whatever the store required in the way of merchandise or to requisition the same from the home office. As long as he made good he was not interfered with. He was told that he was expected to do any and all work that would ordinarily be expected of a chief clerk, that he was to employ his full time and perform any work that became necessary, and employ such assistant clerical service as in his judgment was necessary; that, while his title was manager, his duties were those of a chief clerk; and that the home office did not consider itself bound by everything he might do. The manager opened the store in

the mornings, and swept and dusted it out. Another employee attended to the delivery work. The manager waited upon customers.

We are not convinced that there is ground for disturbing the conclusion of the referee, and the court below, that the position of the claimants mainly called for hard work as clerks and salesmen. They were expected to do any and all work that would ordinarily be expected of a chief clerk. That their services were those of clerks is not disproved by the fact that they were authorized at times to employ and discharge assistants. If their principal services were those of a clerk or salesman, their claims are not affected by the fact that the claimants also incidentally and secondarily performed supervisory or even managerial powers. Blessing v. Blanchard, 223 Fed. 35, 138 C. C. A. 399, Ann. Cas. 1916B, 341; In re Cost Cut Counterbore Co. (D. C.) 283 Fed. 670.

[3] Nor is the fact that the claimant is clothed with certain discretion concerning the method or manner in which he may perform his duties material, upon an inquiry into the question whether his claim is preferred under the Bankruptcy Act. In re Dexter, 158 Fed. 788, 89 C. C. A. 285. In all cases it is the nature of the actual work done by the employee, and not the mere title of the position held by him, which determines his right to a preference.

[4] The petitioner relies on In re Albert O. Brown & Co. (D. C.) 171 Fed. 281, where it was held that the manager of a branch office of a broker in another city is not a workman, clerk, or servant within the meaning of the Bankruptcy Act. We see no ground to question that decision. It is sufficient to say that whether one who is designated a manager is in reality a clerk or salesman must always depend upon the particular facts in the case.

The petition is denied.