**BRADY v. McCANN. SAME v. EDWARDS. In re SUPERIOR SERVICE COAL & COKE CO.**

(Circuit Court of Appeals, Sixth Circuit. November 9, 1925.)

Nos. 4375, 4376, 10007.

1. **Bankruptcy** ⊜⟹348—Sales manager and yard supervisor, occupying subordinate positions, entitled to priority in sum of $300 for wages earned within three months next preceding petition.

Sales manager and yard supervisor of bankrupt corporation, who were also stockholders and directors, *held* to come within provisions of Bankruptcy Act, § 64b(4), being Comp. St. § 9648, entitling them to priority in sum of $300 for salary and wages earned within three months next preceding filing of petition; it appearing that each claimant occupied a subordinate position.

2. **Bankruptcy** ⊜⟹348—Fact sales manager and yard supervisor were stockholders and directors not ground for denying their priority for wages earned.

Fact that sales manager and yard supervisor were also stockholders and directors in bankrupt corporation was not cause for denying their priority for wages, under Bankruptcy Act, § 64b(4), being Comp. St. § 9648, which were actually earned by them in their subordinate positions, wholly separate and apart from their duties as directors, for which they received no compensation.

3. **Bankruptcy** ⊜⟹440—Order of District Court, based on agreed statement of facts, may be reviewed by petition to revise.

Under the provisions of Bankruptcy Act, § 24b (Comp. St. § 9608), an order of the District Court, based on the agreed statement of facts, may be reviewed by petition to revise.

Appeal and Petition for Revision from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

In the matter of the Superior Service Coal & Coke Company, bankrupt. Separate claims made by H. W. McCann and J. R. Edwards, Jr., against Bruce B. Brady, trustee. Decree reversing order of referee, which allowed claims as general claims only, and trustee appeals and petitions to revise.

Appeal dismissed, and order and decree affirmed on petition to revise.

These two cases involve substantially the same questions of law and fact arising in the same bankruptcy proceeding, and were heard and submitted together. H. W. McCann presented a claim for $752.17 for wages due him from the bankrupt for personal services as a clerk and a salesman, performed within three months from the date of the commencement of the bankruptcy proceedings, and claimed priority as to $300 of this amount. J. R. Edwards, Jr., presented a claim for $493.32 for wages due for service rendered to the bankrupt as yardman within three months prior to the date of the bankruptcy proceedings, and asked for priority in the sum of $300. Each case was submitted upon an agreed statement of facts.

In reference to the H. W. McCann claim, it was agreed that he was employed by the president and general manager of the bankrupt company to work in the company's general offices, solicit and receive orders for coal over the telephone, receive and keep daily reports of coal receipts at and sales from the company's various yards, attend to complaints, office correspondence, other office details, and to perform such other office duties as might be assigned him by the company's general manager, and that, while designated as "sales manager," he had no authority to employ, discharge, or supervise any of the company's employés, and during the time of his services did not do so; that his salary was fixed by the president and general manager of the bankrupt corporation at $400 per month; that there was due him the sum of $752.17, which was earned within the three months preceding the commencement of the bankruptcy proceedings.

It is agreed in reference to the Edwards claim that he was employed by the president and general manager of the bankrupt corporation to secure locations for the establishment of the company's retail yards, arrange for delivery of coal, collect all moneys received at these yards, check up daily reports of sales of coal, incoming coal, and coal on hand, attend to the installation of improvements and alterations made at these yards, solicit sales, and to perform all other service and duties assigned to him by the company's general manager, which in any way pertained to the operation of these coal yards; that, while he was designated as "yard supervisor," he had no authority to

8 F.(2d)—59

employ, supervise, or discharge any of the company's employés, and his services were solely confined to the duties above stated; that his salary had been fixed by the general manager of the bankrupt at $300 per month; that there was due him $493.32, all of which had been earned within the three months next preceding the bankruptcy proceedings.

It was also agreed that both of these claimants were stockholders and directors of the bankrupt company, but that they held no other office therein, and that no part of the amounts claimed were for salaries as directors or officers of the corporation, but salaries for wages due them as employés. The referee allowed the claims as general claims against the bankrupt, but refused to allow priority for any part of these wages. The District Court reversed the order of the referee, and allowed priority to each claimant in the sum of $300.

Howard F. Burns, of Cleveland, Ohio, for petitioner.

Price, Shepherd & Graves, of Cleveland, Ohio (Smith, Olds, Smith & Shepherd, of Cleveland, Ohio, on the brief), for respondents.

Before DONAHUE and MOORMAN, Circuit Judges, and SESSIONS, District Judge.

PER CURIAM. [1] From these agreed statements of facts it clearly appears that each of these claimants, while clothed with some discretion in the performance of his respective duties, nevertheless occupied a subordinate position and was under the control and direction of the general manager. For this reason we think the services performed by each of these claimants comes clearly within the provisions of section 64b(4) of the Bankruptcy Act (Comp. St. § 9648), and, nothing else appearing, they would each be entitled to priority in the sum of $300 for salary and wages earned within the three months next preceding the filing of the petition in bankruptcy. Brainerd v. Irwin et al. (C. C. A.) 291 F. 759, 761; Blessing v. Blanchard et al., 223 F. 35, 37, 138 C. C. A. 399, Ann. Cas. 1916B, 341; In re Dexter, 158 F. 788, 89 C. C. A. 285.

[2] Nor do we think that the mere fact that these men were stockholders and directors of the bankrupt corporation is a sufficient reason to deny them priority for wages actually earned by them in these subordinate positions wholly separate and apart from their duties as directors for

which they received no compensation. In re Cost Cut Counterbore Co. (D. C.) 283 F. 670; In re Capital Paint Co. (D. C.) 239 F. 424; In re Eagle Ice & Coal Co. (D. C.) 241 F. 393; In re H. O. Roberts Co. (D. C.) 193 F. 294.

[3] Under the provisions of section 24b of the Bankruptcy Act (Comp. St. § 9608), an order of the District Court based on an agreed statement of facts may be reviewed by petition to revise. Brainard v. Irwin, supra.

For this reason the appeal is dismissed, and upon the petition to revise the order and decree of the District Court is affirmed.