**In re BUSH TERMINAL PRINTING CORPORATION.**

District Court, E. D. New York. February 4, 1929.

No. B–15872.

Harry Weinberger, of New York City, for petitioner.

Samuel C. Duberstein, of Brooklyn, N. Y., for trustee.

CAMPBELL, District Judge. This is a proceeding to review the order of a referee in bankruptcy denying priority to the claim of the petitioner for $210 for salary as foreman of the above-named bankrupt. I would be content to rest my decision on the opinion of the referee, but for the fact that the question is likely to be raised frequently, and I will therefore state my opinion after careful consideration.

Petitioner's attorney in his brief lays much stress upon the fact that claimant was a member of the pressmen's union, and, as counsel contended, could be called upon to work on the presses; but whatever significance there might be to petitioner being a member of the union, and at the same time foreman, is lost by reason of the fact that he admits that this is contrary to the custom of many industries, and that by the rules of the pressmen's union the foreman of pressmen is required to be a member of the union; and with reference to the petitioner's duties I am compelled to decide on the evidence, and not on the argument of counsel.

The petitioner testified as follows: "What were your duties there in the place? A. Well, the duties of a foreman, to see that all the men done their work and done it properly. I hired and fired all the help, put on what help was needed, and figured out what help was needed."

Petitioner claims priority under section 64b(5) of the Bankruptcy Act (11 USCA § 104(b)(5), which reads as follows: "(5) Wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceeding, not to exceed $600 to each claimant."

The sole test is the nature of the work performed by the petitioner. In re Gurewitz (C. C. A.) 121 F. 982; In re Pacific Co-op. League Stores (C. C. A.) 291 F. 759; In re Cost Cut Counterbore Co. (D. C.) 283 F. 670.

The power which petitioner exercised to hire and discharge help is not of itself sufficient to defeat the right of priority, nor would it be sufficient if the petitioner even had the title of superintendent, if he did the same kind of work in the shop as was done by the men who worked under him. Blessing v. Blanchard (C. C. A.) 223 F. 35, Ann. Cas. 1916B, 341; In re Cost Cut Counterbore Co., supra; In re Pacific Co-op. League Stores, supra; In re Crown Point Brush Co. (D. C.) 200 F. 882.

The petitioner by his own testimony shows that he did not do the work of a pressman, nor any mechanical work, in fact, but was a supervisory employee, and it has been held that a general manager of a store even though he at times sold goods and at times rendered clerical services, was not entitled to priority. In re Greenberger (D. C.) 203 F. 583.

The petitioner was not serving in a subordinate or menial capacity, but in a supervisory capacity, with power to hire and discharge, and to determine the help that was needed, and therefore his claim is not entitled to priority, but should be allowed as that of a general creditor.

The petition for review is denied, and the order of the referee, which it is sought to review, is affirmed.