## In re BROUDARGE BROS. NOVELTY YARN, Inc.

### No. 32560.

District Court, E. D. New York.
March 16, 1938.

Furst, Schwartz, Schwager & Landau, of Brooklyn, N. Y. (Hamilton Lieb, of New York City, of counsel), for trustee.

Louis Rosenberg, of New York City, for claimant.

MOSCOWITZ, District Judge.

This is a motion to dismiss the petition to review filed by the claimant Michel Brudarz.

Michel Brudarz, also known as Michel Broder, seeks a priority claim in the sum of $360; it being claimed that he was a wage-earner. The referee has allowed the claim as a general one, but has decided that the claimant is not entitled to priority. The referee has recited the decision of Judge Campbell, In Re Bush Terminal Printing Corp., D.C., 32 F.2d 264, 265, to uphold his ruling. This decision of Judge Campbell correctly sets forth the law as follows:

"Petitioner claims priority under section 64b (5) of the Bankruptcy Act (11 U.S.C.A. Sec. 104(b) (5), which reads as follows: '(5) Wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceeding, not to exceed $600 to each claimant.'

"The sole test is the nature of the work performed by the petitioner. In re Gurewitz (C.C.A.) 121 F. 982; In re Pacific Co-op. League Stores (C.C.A.) 291 F. 759; In re Cost Cut Counterbore Co. (D.C.) 283 F. 670.

"The power which petitioner exercised to hire and discharge help is not of itself sufficient to defeat the right of priority, nor would it be sufficient if the petitioner even had the title of superintendent, if he did the same kind of work in the shop as was done by the men who worked under him. Blessing v. Blanchard (C.C.A.) 223 F. 35, Ann.Cas.1916B, 341; In re Cost Cut Counterbore Co., supra; In re Pacific Co-op. League Stores, supra; In re Crown Point Brush Co. (D. C.) 200 F. 882.

"The petitioner by his own testimony shows that he did not do the work of a pressman, nor any mechanical work, in fact, but was a supervisory employee, and it has been held that a general manager of a store even though he at times sold goods and at times rendered clerical services, was not entitled to priority. In re Greenberger (D.C.) 203 F. 583.

"The petitioner was not serving in a subordinate or menial capacity, but in a supervisory capacity, with power to hire and discharge, and to determine the help that was needed, and therefore his claim is not entitled to priority, but should be allowed as that of a general creditor."

The claimant was employed in the capacity of a foreman with authority to hire and discharge employees. It appears from the testimony of Morris Broder, the treasurer of the bankrupt, who is a brother of the claimant, that the claimant did some work on the twisting machines, although the

record does not indicate that he had sufficient experience to do this work. The claimant's experience consisted of being a jewelry salesman, and that prior to his employment by the bankrupt he never did any work on machines.

This is an evident attempt on the part of the claimant, who was the foreman of the shop, to procure a preference over other creditors. The purpose of Section 64(b) (5) of the Bankruptcy Act, 11 U.S.C.A. § 104(b) (5), is to give a preference for wages due to workmen, clerks, traveling or other city salesmen, or servants, and not the managers or foremen, even though the foremen may occasionally do some work as "workmen, clerks, traveling or city salesmen, or servants." The test is to ascertain the work actually done by the employee; his title is unimportant.

In this case the proof is clear and convincing that he was not a workman, clerk, traveling or city salesman, or servant, as provided by section 64(b) (5) of the Bankruptcy Act, 11 U.S.C.A. § 104(b) (5), but was a shop foreman.

Motion to dismiss the petition for review is granted.

Settle order on notice.