In re VICMORE FUR CO., Inc.

District Court, S. D. New York.

May 15, 1939.

A. Isadore Eibel, of New York City, for claimant.

Mordecai M. Richter, of New York City, for trustee.

CONGER, District Judge.

This matter comes on by petition to review the order of Hon. Peter B. Olney, Referee, denying the claimant's application for the payment of $297., the Referee having ruled that his claim is not entitled to priority.

Claimant's right to priority is based upon the priority section (Section 64b (5) of the Bankruptcy Act, 11 U.S.C.A. § 104(b) (5).

After going over the testimony and reading the cases submitted in the briefs, I am convinced that the Referee was not in error when he held that the claimant was not entitled to priority. In order to entitle claimant herein to priority, he must have been either a "workman, clerk, traveling or city salesman, or servant". A careful reading of the testimony indicates to me that he was none of these. As the Referee stated, and as I am convinced, after a reading of all of the cases submitted to me, it is hard to reconcile them. Yet, none of the

cases submitted to me by the attorney for the claimant convinces me that the claimant comes within the above classifications which would entitle him to a preference here.

No hard and fast rule can be laid down, but it does seem to me that the claimant does not meet the requirements as laid down in Blessing v. Blanchard, 9 Cir., 223 F. 35, at page 37, Ann.Cas.1916B, 341, where the Court said: "Priority of payment was intended for the benefit only of those who are dependent upon their wages, and who, having lost their employment by the bankruptcy, would be in need of such protection."

I am of the opinion that claimant was more in the nature of an independent contractor, and certainly, if he was an employee, he had not been doing work of a menial or subordinate capacity, and if he was an employee, his services were not of such a nature as to entitle him to priority. If an employee, his services were more of a supervisory or executive capacity.

Claimant was a business man himself. He stated (page 3 of the testimony): "He knows I am in the promotional contest business and he sent for me to come down to see him * * *", and further on, "and asked me if I would be interested to enter into an agreement to run these contests and take over the personal supervision of the entire contests".

It is not necessary for me to go into the details of the business relations between the bankrupt and the claimant, except to state that the testimony shows that the claimant was a business man himself. He and the bankrupt entered into an agreement in and by which the claimant was to run and conduct himself, certain contests in connection with the fur business of the bankrupt. Claimant had entire charge of these contests. True, he was not the owner of the idea, but he took this copyrighted plan of contest furnished him by the bankrupt and then ran the whole thing himself, and conducted the contests himself. He supervised it and overlooked it and apparently had entire charge of it. Whatever selling he did was of a minor capacity and altogether, in connection with the contests, his main business was not selling; his main business was to run these contests. All other services in connection therewith, were performed not in connection with his employment by the bankrupt, but in connection with the contests which he was operating and running pursuant to an agreement with the bankrupt.

It is fair to assume that the claimant was in the business of conducting these contests as part of his occupation, and that he had conducted them before for other concerns and undoubtedly would do so in the future.

I agree with the Referee that whether he was an employee or whether he was an independent contractor, he is not entitled to priority. The certificate of the Referee is confirmed. Submit order on notice.