### In re CLOVER DAIRIES, Inc.
### No. 307a.

District Court, D. New Jersey.

Jan. 16, 1942.

Hammer & Hammer, of Passaic, N. J., for petitioner.

Isadore B. Miller, of Paterson, N. J., for trustee.

SMITH, District Judge.

This matter is before the court at this time on a petition for review filed by Irving Dorfman, a wage claimant, who is aggrieved by a decision of the referee in bankruptcy denying priority of his claim. The matter was submitted to the referee in bankruptcy on a stipulation of facts, but the Court has read and considered not only the said stipulation but the testimony taken pursuant to and in accordance with § 21, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, a transcript of which is included in the record.

The petitioner, having filed a claim for wages, asserts priority under § 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, the pertinent provisions of which follow: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * *; (2) wages, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen, servants, clerks, or traveling or city salesmen on salary or commission basis, whole or part time, whether or not selling exclusively for the bankrupt." The question presented for determination is whether or not the claim of the petitioner, a route salesman, is entitled to priority under the statute. It is the opinion of this Court that it is.

The petitioner, although a stockholder and officer of the bankrupt, was actually employed as a route salesman and part time clerk, and as such, was compensated at the rate of $30 per week. The executive position which he occupied, to wit, treasurer, carried no compensation, and his duties were merely formal and incidental. It clearly appears from the undisputed facts that the relation between the petition-

er and the bankrupt was essentially that of employer and employee. It necessarily follows, therefore, that the priority of the claim cannot be denied. In re Superior Service Coal & Coke Co., 6 Cir., 8 F.2d 928; In re Floyd Shoe Co., Inc., D.C., 3 F.Supp. 568; In re Cost Cut Counterbore Co., D.C., 283 F. 670; In re H. O. Roberts Co., D.C., 193 F. 294; In re Swain Co., D.C., 194 F. 749; cf. In re Rheinauer-Roth Knitting Mills, Inc., D.C., 48 F.2d 345; In re Crown Point Brush Co., D.C., 200 F. 882.

The order of the referee in bankruptcy is vacated and set aside for the reasons hereinabove stated, and the priority of the claim is allowed.