## In re KO-ED TAVERN, Inc.

### WARNER v. KAGAN.
#### No. 7947.

Circuit Court of Appeals, Third Circuit.

Submitted April 21, 1942.

Decided July 14, 1942.

John E. Neville, of Newark, N. J., for appellant.

Emanuel Weitz, of Jersey City, N. J., for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

The appellant, as assignee of a claim alleged to be due by the bankrupt corporation to one Edward Light for wages, filed a proof of debt, claiming therein a right to priority of payment to the extent of $600 of the $800 claimed. The claim, as filed, was allowed in due course by the referee in bankruptcy. Ten months later, the trustee petitioned the referee to reconsider and reject the claim to priority on the grounds principally that (1) the claimant's assignor was an executive officer of the bankrupt corporation and therefore not within the category of those entitled to claim priority of payment under § 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2), and that (2) the claim was for salary earned more than three months prior to the commencement of the proceeding in bankruptcy. The appellant answered and, after hearing, the referee entered an order denying the appellant a right to priority of payment but allowing the claim as a general unsecured debt. Upon a petition for review the District Court affirmed the referee's order and the assignee of the claim took the pending appeal.

The appellant contends (1) that Light's claim was for wages while serving as a bartender and that he is entitled to priority of payment thereof even though he was a stockholder of the corporate employer, (2) that there was no competent evidence to show that Light was a stockholder of the bankrupt corporation, (3) that the claim to priority may not be denied on a

ground not set up in the trustee's petition for reconsideration, (4) that by virtue of a New Jersey statute Light acquired a lien on the assets of the bankrupt corporation to the extent of $435 which is prior to all other liens, and (5) that the petition to reconsider the claim to priority should have been denied by the referee because of laches on the part of the trustee. We shall consider these contentions in their order.

By § 64, sub. a, of the Bankruptcy Act,[1] wage claimants are entitled to priority of payment immediately after administration expenses if, but only if, they supply the qualifications called for by the Act. If they fail so to do, their claims are automatically relegated to the class of general unsecured creditors. See 3 Collier on Bankruptcy, 14th Ed., p. 2083.

In determining whether a particular claimant falls within the category of "workmen, servants, clerks, or * * * salesmen * * *" general rules for testing the right to priority have evolved under court decisions. Thus it has been held that only those who work, labor, or serve in more or less subordinate capacities can be included within the statutory prescription.[2] This rule naturally developed, as the words of the statute have been given their common, everyday and popular meaning.[3] But there may also be other matters for consideration, such, for instance, as the character of the work performed,[4] or the

degree of authority or discretion vested in the employee.[5] And where a claimant has served in both supervisory and subordinate capacities, his status as a wage worker may depend upon which of his activities constituted his "principal service".[6] While the active officers or managers of a corporation or business are not entitled to priority as wage claimants,[7] mere "dummy" directors and even officers or managers who were in fact employed and earned wages as "workmen, servants, clerks, or * * * salesmen * * *" of the bankrupt are not precluded from claiming a right to priority of payment.[8] Necessarily, application of the statutory provision depends to a large extent upon the facts of each case. In any event, the fundamental criterion is the relationship which the claimant bore to the bankrupt. In re Progressive Luggage Corporation, 34 F.2d 138 (C.C.A.2.). But the role of employee does not comport with a status of proprietor. Hence it has been held that persons who are the owners of a bankrupt corporation cannot assert priority of payment for wages. In re Marshall E. Smith & Bro., 35 F.Supp. 56, 57 (E.D.Pa.).

In the instant case the appellant's assignor was a part owner of the bankrupt corporation and the claim he made for wages was for work done by him in the company's business without any contract of employment. Certainly his position was not that of a subordinate. The work he

---

[1] Section 64, sub. a, of the Bankruptcy Act as amended by the Act of 1938, 11 U.S.C.A. § 104a provides in material part that,—"a. The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) * * * ; (2) wages, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen, servants, clerks, or traveling or city salesmen * * *."

[2] Brady v. McCann, 6 Cir., 8 F.2d 928, 929; Keyes v. Davie, 9 Cir., 231 F. 688, 690; Blessing v. Blanchard, 9 Cir., 223 F. 35, 37, Ann.Cas.1916B, 341; In re Bush Terminal Printing Corporation, D. C.E.D.N.Y., 32 F.2d 264, 265, affirmed per curiam 2 Cir., 32 F.2d 265; In re Caldwell, D.C.E.D.Ark., 164 F. 515, 517.

[3] Keyes v. Davie, 9 Cir., 231 F. 688, 690; Blessing v. Blanchard, 9 Cir., 223 F. 35, 37, Ann.Cas.1916B, 341.

[4] In re Pacific Co-op League Stores, 9 Cir., 291 F. 759, 761; In re Capital Paint Co., D.C.N.D.Cal., 239 F. 424.

[5] In re Bush Terminal Printing Corporation, D.C.E.D.N.Y., 32 F.2d 264, 265, affirmed per curiam 2 Cir., 32 F.2d 265; In re Swain Co., D.C.N.D.Cal., 194 F. 749, 750; In re H. O. Roberts Co., D.C. Minn., 193 F. 294, 295.

[6] In re Cost Cut Counterbore Co., D. C.E.D.Mich., 283 F. 670, 672.

[7] Wisong v. Clarke, 5 Cir., 285 F. 726, 729; Keyes v. Davie, 9 Cir., 231 F. 688, 690; Blessing v. Blanchard, 9 Cir., 223 F. 35, 37; In re Marshall E. Smith & Bro., D.C.E.D.Pa., 35 F.Supp. 56, 57; In re Bush Terminal Printing Corporation, D.C.E.D.N.Y., 32 F.2d 264, 265, affirmed per curiam 2 Cir., 32 F.2d 265; In re Ye Ladies Shoppe, Inc., D.C.Del., 283 F. 693, 694; In re Eagle Ice & Coal Co., Inc., D.C.E.D.Pa., 241 F. 393, 394.

[8] In re Swain Co., D.C.N.D.Cal., 194 F. 749, 750; In re H. O. Roberts Co., D.C.Minn., 193 F. 294, 295.

performed was done without the supervision or control of any other person. On the contrary, he and his co-owner were in joint control of the company's affairs. The fact that as the co-owners of a small business each of them performed numerous menial tasks is not sufficient to constitute either of them an employee for wages so as to bring him within the provisions of § 64 a(2) of the Bankruptcy Act. See Progressive Luggage case, supra.

As to Light's half ownership of the bankrupt corporation, William Kochansky, president of the company, testified at the hearing before the referee that he and Light each owned fifty per cent of the capital stock of the corporation but that no stock certificates had ever been issued to either of them. The appellant objected to this testimony on the ground that the books of the bankrupt corporation were the best evidence of the matter under inquiry and that the parol evidence offered was inadmissible because the nonproduction of the books had not been satisfactorily explained. It is quite apparent that the appellant misconceives the scope of the "best evidence" rule. That rule is applicable when the purpose of proffered evidence is to establish the terms of a writing. See 4 Wigmore on Evidence, 3rd Ed., § 1178. In this case there was no attempt to prove by parol either book entries or the terms of written instruments. Kochansky was a competent witness with first hand knowledge as to the contributors to the capital of the company. And, incidentally, Light's stock ownership was not denied at any time.

But, even if Light could be considered as an employee of the bankrupt, any claim to priority in the payment of the money due him would fail for a further reason. The services for which he claimed were not performed within three months before the commencement of the proceeding. See § 64 a(2) of the Bankruptcy Act. Actually his claim accrued during a period antedating the bankruptcy by at least five months. The fact that a proceeding for the appointment of a receiver for Ko-Ed Tavern, Inc., on the ground of insolvency had been pending in the Court of Chancery of New Jersey for some six months immediately prior to the bankruptcy is without any effect upon the requirements of the Bankruptcy Act that the wages for which priority of payment may be accorded must have been earned "within three months before the date of the commencement of the proceeding". The "proceeding" contemplated by the Act is the bankruptcy proceeding, and the date of the commencement thereof is not determined by a possibly earlier insolvency or by a prior state court proceeding in such connection. Strom v. Peikes, 2 Cir., 123 F.2d 1003, 1004, 1005, 138 A.L.R. 937, 938; In re Standard Wood Products Co., D.C.M.D.Pa., 38 F.Supp. 20, 22. The "three months before the date of the commencement of the proceeding" as specified in § 64 a(2) of the Bankruptcy Act means the three months immediately prior to the filing of the petition in bankruptcy. Strom v. Peikes, loc. cit., supra; In re Slomka, 2 Cir., 122 F. 630, 631; In re Rouse, Hazard & Co., 7 Cir., 91 F. 96, 101; In re Penticoff, D.C.Minn., 36 F.Supp. 1, 3.

The contention that the claim to priority should not have been reconsidered and disallowed on a ground not set up in the trustee's petition is without merit. The petition set up several grounds any one of which, if established, was a sufficient reason for the disallowance of priority. The ground upon which the referee relied was no less proper or available. It is well settled that it is incumbent upon a reviewing court to affirm a decision below if it is correct, even though the lower court relied upon a wrong ground or gave a wrong reason. See Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224.

The appellant misreads the New Jersey statute[9] when he contends that it gave his assignor a lien on the assets of the company to the extent of $435 of the wages claimed. As has recently been held by the New Jersey Court of Chancery, that statute does not create a lien "but [gives] only a right to preference in payment out of the funds that come into the hands of the receiver". Lerman v. Lincoln Novelty Co., Ch., 130 N.J.Eq. 144, 146, 21 A.2d 827, 828. Such statutes are without applicability to bankruptcy proceedings. Upon the happening of bankruptcy, they are superseded by the Bankruptcy Act whose provisions alone govern the matter of priority among claimants. Strom v. Peikes, supra, 123 F.2d at page 1005, 138 A.L.R. at

---

[9] N.J.Rev.Stat. (1937) 14:14–21, N.J.S.A. 14:14–21.

page 939; In re Vidal, 1 Cir., 233 F. 733, 737, 738; Smith v. Mottley, 6 Cir., 150 F. 266, 267, 268; In re Slomka, loc. cit., supra.

We think it is clear that, on the basis of merit, the appellant was not entitled to priority of payment and that the referee and the District Court were warranted in so concluding. We have then to consider whether the trustee, by reason of delay, lost the right to move for a reconsideration of the priority allowance. Ordinarily, unless there be laches, a petition for the reconsideration of a claim in bankruptcy may be entertained any time prior to the closing of the estate. In re Globe Laundry, D.C.M.D.Tenn., 198 F. 365, 366; In re Canton Iron & Steel Co., D.C. Md., 197 F. 767, 769. And, certain it is that a lapse of time, of itself, does not constitute laches. Such a defense is admissible when to change or revoke prior action would work to the injury or prejudice of the party asserting the delay because of his unrecoverable loss of rights in the meantime. Wilkinson v. Livingston, 8 Cir., 45 F.2d 465, 469; In re Star Spring Bed Co., 3 Cir., 265 F. 133, 137, 138; In re Pipe Railing Const. Co., D.C.E.D.N.Y., 6 F.Supp. 771, 773. In the instant case the appellant failed to show that his rights would be impaired by reason of the trustee's delay in petitioning for a reconsideration of the priority allowance. It was therefore proper for the referee to reëxamine the matter and determine it upon its merits.

The order of the District Court is affirmed.